Cabe, J.
In this case, three points were made in the argument: 1. Can the petitioners appear as parties in this controversy ? 2. Can slaves be emancipated by a nuncupative will ? 3. Is this a good nuncupative will ? I shall consider this last point only. The doctrine of nuncupative wills, was taken from the civil law, and is of very ancient date. The abuses and frauds, which were practised under it, gave rise to the provision of the statute 29 Car. 2. ch. 3. § 19. from which our act is, with some variations, taken. The intention of the statute was not to give a new principle, but to correct a mischief; and it should be so construed as to advance the remedy. It is said, in a note on Matthews v. Warner, 4 Ves. 196. that the case of Cole. v. Mordaunt, before lord chancellor Nottingham, in the 28th year of Charles II. was the principal case which gave rise to the english statute of frauds. That was a case in which nine witnesses swore to a nuncupative will; and yet, on a trial at bar in the court of king’s bench, it appeared that most of them were perjured, and Mrs. Cole guilty of subornation. In the case before us, there is not the slightest imputation upon the witnesses; but that must not influence our decision upon the law. The deceased was truly in extremis; for before the business was finished, his mind began to wander ; he was taken with a strangling ; they found he was dying. He seems to have been indisposed to make a will, if capable : he desired no one to write it; he did not know that Morgan was writing; Morgan sat in a distant part of the room, and did not pretend to take the words from the sick man, but they were reported to him by another; and, if the reporter misunderstood the speaker, or Morgan the *146 reporter, the paper would not contain his will. The statute .. .... is imperative in requiring that it be proved by two witnesses, “ that the testator called on some person present, to take notice or bear testimony that such is his will, or words of tjje ]¡[íe imp0rt.” Here we have neither the words, nor any of like import; no expression, indeed, or act of the sick man, to shew that he thought himself making his will; or whether he intended it to be by parol, or in writing; or that he wished any person to bear testimony to what was doing. To establish such a will as this, would, I think, be of the most dangerous tendency. I am clear, then, that the very foundation of the claim of the appellees fails here. It is not necessary, therefore, for the decision of this case, to consider the other points; and, as they are of great importance, and perfectly new, I had rather leave them open for future consideration.