Will Case.

# Offutt *et al. vs* Offutt.

## Appeal from the Spencer Circuit.

Case 48.

### *Wills, nuncupative.*

October 14.

Chief Justice Robertson delivered the opinion of the Court.

The case stated.

Zephaniah B. Offutt, owning an estate consisting of more than $8000 in money and of some slaves, obtained through his wife—attempted to make a testamentary disposition of his entire property, immediately preceding his death. A paper purporting to be his will, was written at his request and in his presence, bequeathing $500 to the Catholic church, $300 to the Baptist, Methodist, and Presbyterian churches—$100 to each—and the residue of his estate to his wife. It was read to and approved by him—but, although he then had a disposing mind, yet he died before the paper could either be subscribed by himself or attested by the witnesses present, who signed their names after he had expired, or when he was in the act of expiration, and incapable of observing the attestation.

That document having been established in the proper County Court as a nuncupative will, the probate was affirmed on an appeal to the Circuit Court, and this appeal to this Court brings up the case for ultimate revision.

A paper not perfected as a written will, may be established as a nuncupative disposition, if its non-completion in the form contemplated, resulted from the act of God or from any other cause, than an intention to abandon or postpone the consummation of it according to law, provided there shall be proof of the testamentary declarations, by the requisite number of competent witnesses, who were present when those declarations were made: *Mason* vs *Dunman*, (1 *Munford's Va. Repts.* 456.)

*A paper not perfected as a written will, may be established as a nuncupative will, where its complation is prevented by the act of God; or from any other cause than an intention to abandon or postpone its consummation*

And the fact that it may not be sufficient to dispose of the testator's whole estate as he intended, but leaves a portion of it undivided, contrary to his declared [...] should not always and alone, defeat it as far as it [...] good and effectual as a nuncupative will. Although a will purporting to dispose of both real and [...] tate may not have been so published as to be a valid disposition of the realty, it *may*, nevertheless, be established as a good testamentary disposition of the personalty: (1 *Williams on Ex'rs.* 46.)

HARVARD LAW SCHOOL LIBRARY

And if there be any case in which this might be done, this is certainly a case of that kind—because here the establishment of such a will as passes the entire estate intended to be passed, except the slaves, can frustrate the testator's intentions, as to no other legatee than his wife, whom he intended to be the devisee of the slaves, and at whose instance and for whose benefit his testament has been established as nuncupative only. Others should not, therefore, object.

It may be that the document read to the testator, might have been legally proved as a good written will of personal property: (1 *Williams on Ex'rs.*, 47-8-9-50-1-2, and the authorities there cited.) But nevertheless, it would not pass the slaves, because our statute requires testamentary dispositions of slaves to be made in the manner prescribed for passing land by will.

*Nuncupative wills does not pass slaves.*

But the fact that the will has been only established as a nuncupative, instead of a written disposition, cannot

be material to the appellants, because each form of testament would, according to our local law, pass the same and no other property.

The order establishing the will must, therefore, be affirmed.

*McHenry* for appellants: *S. Todd* for appellees.