Mr. Justice Clayton
delivered the opinion of the court.
'In February, 1845, what purported to be a nuncupative will of James T. Lansford, was offered for probate, and was received and established in the probate court of Yalabusha county. The same person who thus offered the nuncupative will had, at the probate court next preceding, qualified as administrator of the estate, as if Lansford had died intestate. In July, 1847, John T. Lansford and others, who resided in Alabama, filed a petition to set aside the probate of the said pretended will, and to obtain distribution of the estate to them as the next of kin. The administrator in March, 1847, had made a final settlement of his account, by which the sum of $>1858 appeared to be due from him-. The court set aside the probate, and decreed distribution to be made to the petitioners.
*561 By comparing the proof offered in support of the nuncupative will, and upon which it was established, with that required by the statute, it will be seen that it falls far short of the statutory requisitions. H. &' H. 387. It does not appear that the decedent called upon any one to take notice, that the disposition then made was his will; on the contrary, it affirmatively appears that no-such request was made, nor any of like import. "Without such proof, the disposition cannot be regarded as valid. There is nothing to show the existence of the animus testandi. Chilt. P. C.-Law, 55. The court below, therefore, did right in Setting aside the probate. See Hamberlin v. Terry, 7 How. 148; Cowden v. Dobyns, 5 S. & M. 82.
But the court went too far in the present state of the proceedings, when it directed distribution to be made to the petitioners.
If those claiming under the will had other proof in its support, it was still competent to produce it, because the first probate was not conclusive, but merely inceptive. 7 How. 148. The court, however, was the proper judge of the legality of the execution of the will, and no issue to the jury was necessary. Chilt. 202. It does not appear that there was any grant of letters testamentary, so as to revoke the original letters of administration. See H. & H. 395. The payment of the fund by Garner in less than three years, was at his own peril, as the distributees had that length of time within which to contest the probate. That payment was made without order of court, except a direction, that “he pay to the legal heirs of the estate; ” it hence presents no bar to the claim of the petitioners, if it were wrongful. If, in determining who were the legal heirs, he formed a wrong judgment, the rightful distributees are not to be prejudiced.
But upon this petition, the only proper point for decision was the validity of the probate. The proper party to this was the executor, or administrator, with the will annexed, if any-. The original administrator, in his capacity as such, ought not to have been joined. If his authority were revoked by the probate of the will, and grant of letters testamentary, then another grant of administration might become necessary.
*562 It is, however, enough for us to say, that a decree for distribution could not have been made, until it was shown that the proper party, in his character of administrator, was before the court.
The order of the probate court, directing distribution, was erroneous. The setting aside the probate was correct. The cause will be remanded for such course as the party may adopt to obtain distribution, by having the proper representative, in his character of administrator without reference to the will, before the court. A part of the order being erroneous, it must be reversed, and the case remanded.
Order reversed and cause remanded.