No. 16.—MANNING G. STAMPER, plaintiff in error, *vs.* MAR-
THA E. HOOKS, defendant in error.

A written will that is *signed* by the maker of it, cannot be set up as a *nuncu-
pative* will.

Probate of Will.  Appeal from Ordinary, in Lee Superior
Court.  Decision by Judge ALLEN, March Term, 1857.

In December, 1852, the Ordinary of Lee county, admitted
to probate the following paper exhibited as the last will and
testament of Robert S. Hook, deceased, late of said county,
to-wit:

In the name of God, Amen: I, Robert S. Hooks, knowing
the uncertainty of the continuation of life, and the certainty
of death; being in a sound and disposing state of mind, do
make this my last will and testament.

First: I desire all my just debts paid.

Second: I desire that my three sisters, Margaret E., Louisa,
and Lucinda Hooks shall have and possess my entire estate,
each possessing an equal distributive share.

Third: It is my desire that my wife Martha E. Hooks,
have the sum of ten dollars.

Fourth: It is my will and desire, that my friends, Manning
G. Stamper and John T. Sims, be left my sole executors to
carry out this my last will and testament.  This the 13th
October, 1852.

ROBERT S. HOOKS, [*L. S.*]

This instrument was admitted to record as a will, upon
the following testimony or affidavit, viz:

GEORGIA,        Personally came in open Court, Manning
Lee County.    G. Stamper, executor of the last will and tes-
tament of Robert S. Hooks, deceased, and the witnesses of
said will, to-wit: James B. Ridley, John T. Sims (said Sims
having renounced the execntorship of said will,) and Mar-

tha E. Stamper, which witnesses being duly sworn, depose and say, that the said Robert S. Hooks, signed, sealed, declared and published the instrument now propounded as his last will and testament, freely, voluntarily, and of his own accord, without any compulsion or influence whatever, and that at the time of the execution of said will, he the said Robert S. Hooks, was of sound and disposing mind and memory, and that the said will was signed and sealed by said Hooks in the presence of said witness.

(Signed,)　　　JOHN T. SIMS,　　　[L. S.]
　　　　　　　　MARTHA E. STAMPER, [L. S.]
　　　　　　　　JAMES R. RIDLEY,　　[L. S.]

Sworn to and subscribed in open Court, Dec'r. 8th, 1852.
WILLIAM NEWSOM, *Ordinary.*

Martha E. Hooks, afterwards, moved a rule in the Court of Ordinary, against Manning G. Stamper, executor of said will, to show cause, why the judgment admitting said will to probate, should not be set aside and recinded, on the grounds:

1st. Because the paper itself shows that it was not attested as required by law.

2d. Because the affidavit of the witnesses on which the judgment was founded, does not show that they attested and subscribed the paper in the presence of the testator.

At a subsequent Term, the rule was made absolute, the judgment for probate rescinded and the letters testamentary revoked. Stamper appealed, and on the trial, in the Superior Court, his counsel moved to dismiss the whole proceeding, on the ground that the first probate was in solemn form. The Court sustained the motion, and counsel for Mrs. Hooks excepted.

Counsel for Mrs. Hooks then proposed to amend their rule, and to insert as grounds for setting aside the probate:

1st. That the paper propounded is void as a will, under

the Act of 1852, because there was no witnesses who could have been called to prove it in solemn form.

2d. Because Mrs. Hooks never had notice of the motion for probate in solemn form.

Which amendment the Court refused to allow, and counsel for Mrs. Hooks excepted: And the case coming up before the Supreme Court, upon these exceptions, the decision of the Court below, upon both grounds of exceptions, was reversed; the appeal ordered to be re-instated, and Mrs. Hooks allowed to amend. *See* 18 *Ga. Rep. p.* 471.

The case coming on again for trial, before Judge Allen, at March Term, 1857, counsel for Stamper, the executor, moved to amend, and to show that said will was made by Robert S. Hooks, during his last illness, in his own house, in the presence of the three witnesses, who proved the same before the Ordinary; that at the time of making it, the testator called upon them to take notice and bear witness, that the words then and there spoken, and contained in said writing as exhibited to the Court of Ordinary, contained the disposition he wished made of his property, after his death; that he was at the time conscious of approaching dissolution, and *in extremis*, and died in less than twenty-four hours after the making said will, and that the same was probated and recorded within six months after the death of testator.

And which facts the executor offered to prove by the said three witnesses.

In other words, counsel for the executor proposed to set up and establish the paper as a nuncupative will.

The Court refused to allow the amendment, or proof to be made: and counsel for Stamper excepted.

R. F. Lyon; and McCoy, & Hawkins, for plaintiff in error.

Strozier; and Warren & Warren, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

If a person *sign* the writing, which he intends to be his: will, does the act of signing prevent the will from being a nuncupative will?

We think that it does. A nuncupative will is a will that is not in writing.

Swinburne says: A nuncupative testament is when the testator, without any writing, doth declare his will before a sufficient number of witnesses. 87. *see id.* 77. To the same effect, is the orphan's legacy. *Godolphin*, 13. 6.

Coke says: "*Testamentum est duplex.* 1. *Inscriptis.* 2. *Nuncupatum, seu sine scriptis.*"

Now it cannot be said of any deed, or bond, or promissory note, that is *signed* by the maker of it, that it is a deed, or a bond, or a promissory note, as the case may be, *not in writing*. On the contrary, it is to be said of every deed, bond, or promissory note, that is *signed* by the maker of it, that it is a deed, or a bond, or a promissory note, as the case may be, *in writing*.

And it must be true, that whatever may or may not be said of a deed, or a bond, or a promissory note, in this respect, equally may or may not be said of a will, in this respect. It must be true, therefore, *that it cannot be said of a will that is signed by the maker of it, that it is not a will in writing.* Consequently, it cannot be said of such a will, that it is a nuncupative will.

This is the conclusion to which we come; it is also that to which the Court below came, for it refused to allow the amendment.

We think, therefore, that its judgment ought to be affirmed.

Judgment affirmed.