14  729
46  490

Heirs of Margurite Babineau *v.* Narcisse LeBlanc et al.

*Where a nuncupative will under private signature is made, out of the presence of the witnesses, the testator must distinctly declare, in the presence and* hearing *of all the witnesses necessary in this form of testament, that it contains his last will.*

APPEAL from the District Court of the Parish of Lafayette, *Martel, J.*
C. H. & E. *Mouton* and P. D. *Hardy,* for plaintiffs.  M. E. *Girard* and *DeBlanc & Fusilier,* for defendants and appellants.

Merrick, C. J.  This suit is brought to annul a nuncupative will and codicil by private act.

There was judgment in favor of the heirs-at-law, (the plaintiffs,) and the defendants and legatees appeal.

The will and codicil to be valid, must have been executed in conformity to Article No. 1574 of the Civil Code.  This Article admits of two forms of execution, viz, one where the will is *dictated* in the presence of the witnesses; the other, where the will was written by the testator, or by him or her caused to be written out of the presence of the witnesses.

It is not pretended that the will or codicil was executed in the first of these forms.

To be valid in the other form, the testatrix must have presented the will and codicil to the witnesses, and declared that that paper contained her last will.  The testimony on this branch of the case is not satisfactory.  The parish Re-

92

<div style="margin-left:2em">BABINEAU<br>*v.*<br>LEBLANC.</div>

corder states, that two out of the five witnesses did not hear the testatrix utter one distinct word, and only saw her nod assent, when the witness who had prepared the will asked if it was her will. The witnesses might as well be absent, as to be present when the proceedings are conducted in such a manner as to be incomprehensible to them.

The testimony of *Mr. Girard* is satisfactory, but the law requires, in a case like this, the presence of more than one, two, or even three witnesses, who fully comprehend the proceedings.

Under the circumstances, we do not feel called upon to disturb the conclusions of the District Judge.

Judgment affirmed.