Scaife *v.* Emmons *et al.*

84  619
118  97

On the trial of a proceeding to establish an alleged nuncupative will made during the last illness of the deceased and three days before his death, giving nearly all of his property to his widow to the exclusion of his children, it was not error to instruct the jury, in effect, that nuncupative wills demand strictness of proof in all essential points and must be made from necessity and not from choice; that the deceased must have been *in extremis* when he made such will; and that if he had plenty of time and opportunity to have executed a formal written will, the jury should find against the nuncupative will.

March 10, 1890.

Wills. Charge of court. Before Judge Bower. Mitchell superior court. March term, 1889.

Reported in the decision.

DONALSON & HAWES and D. H. POPE, for plaintiff.

SPENCE & TWITTY and I. A. BUSH, for defendants.

SIMMONS, Justice.

Mrs. Margaret J. Emmons, now Mrs. Scaife, sought to have admitted and established as the will of her husband, Dr. H. R. Emmons, what she alleged to be a nuncupative will made by him about the 20th day of February, 1888, during his last illness, and three days before his death. By it he gave to his wife the house and lot on which they lived, and all the furniture and other property in it; also his farm in Mitchell county, and the mules and other property on it; also the cabins and lots he had rented out to negroes; also his storehouse and lot in Camilla, and all the goods and other property therein. Indeed, he gave all his property to her except his wild lands. He left a son, Eugene, and a daughter, Minnie, who caveated the probate of the will on various grounds. The jury found for the caveators, and petitioner moved for a new trial, which was overruled by the court, and she excepted.

The main grounds relied on before us for a reversal of the judgment of the court below in refusing to grant a new trial were the 3d, 4th and 5th, which are as follows: (3) Error in charging: "Nuncupative wills, being as a rule no favorites of the court, demand strictness of proof in all essential points; this is requisite in consideration of the facilities with which frauds in setting up nuncupative wills are obviously attended; facilities which absolutely require to be counteracted by courts insisting on the strictest proof as to the facts of such alleged wills." (4) Error in charging: "A nuncupative will, to be valid, must be made as a matter of necessity, and not as a matter of choice. That is, a person who desires to make a will, and has time to make a written

will, but deliberately determines to make a nuncupative will,—such a nuncupative will is not valid." (5) Error in charging: "Before the jury would be authorized to find in favor of the will, it must appear from the evidence that Dr. Emmons, the testator, was *in extremis* at the time of making the will; and the words "last sickness," as used in the statute of this State, mean last extremity. The extremity must be such that the party speaking them is overtaken by so sudden or violent a sickness, or at least alters his wishes so shortly before his death, that there is afforded thereafter no convenient time or opportunity to have reduced his words to writing and executed a formal will. If the jury believe from all the evidence in the case that the testator did have plenty of time and opportunity to have executed a formal written will, then it will be their duty to find against the nuncupative will." There has been some conflict in the decisions of the courts upon the propositions announced to the jury by the trial judge in this case, as contained in the three grounds above set out. The Supreme Court of Alabama, in the case of Johnson *v.* Glascock, 2 Ala. 218, the Supreme Court of Illinois, in the case of Harrington *v.* Stees, 82 Ill. 50, and the Supreme Court of Tennessee, in the case of Nolan *v.* Gardner, 7 Heisk. 215, held that it was unnecessary that the nuncupation should be made when the testator is *in extremis.* But we think that the great and decided weight of authority is in favor of the propositions announced by the trial judge, and complained of in the grounds of the motion for a new trial above quoted. The reason for the rule is so well put in some of the cases in which this doctrine is discussed, that we deem it unnecessary for us to do more than refer to them. See Prince *v.* Hazleton, 20 Johns. 562, s. c. 11 Am. Dec. 307; Yarnall's Will, 4 Rawle, 46; Werkheiser *v.* Werkheiser, 6 W. & S. 184; Boyer *v.* Frick, 4 W. & S. 357; Notes to Sykes

*v.* Sykes, 20 Am. Dec. 40; Haus *v.* Palmer, 21 Pa. St. 296; O'Neill *v.* Smith, 33 Md. 569; Reese *v.* Hawthorn, 10 Grat. 548; Carroll *v.* Bonham, 42 N. J. Eq. 625, s. c. 9 Atl. Rep. 371, s. c. 26 Am. Law Reg. 568 (with notes), s. c. 25 Cen. L. J. 328 (with notes). See also Beach on Wills, p. 10; Schouler on Wills, §365; 1 Redfield on Wills, p. 185. See also the opinions of WARNER, J., and LOCHRANE, C. J., in *Ellington* v. *Dillard*, 42 *Ga.* 378 *et seq.*                     *Judgment affirmed.*