### BELLAMY *v.* PEELER.

1. On the trial of an issue formed upon a petition to prove an alleged nuncupative will, there was no error in refusing to charge that the will would not be invalid because, in point of fact, the alleged testatrix may have had time to have it reduced to writing, if she lingered in a conscious condition only twenty-four hours, and then became insensible and died the following day.
2. In such a case, the following charge was correct: "A nuncupative will must be made in the last sickness; and if you believe from the evidence that [the alleged testatrix], after making the alleged nuncupative will, had the time and opportunity, and means at hand, to have reduced it to writing, but failed to do so, then said alleged will is invalid."
3. The evidence warranted the verdict, and there was no error in denying a new trial.

July 29, 1895.

Appeal. Before Judge HUTCHINS. Clarke superior court. October term, 1894.

J. J. STRICKLAND and T. F. GREEN, for plaintiff.
LUMPKIN & BURNETT, for defendant.

LUMPKIN, Justice.

Nuncupative wills must be made in the time of the last sickness of the deceased. Code, §2479. The law in its wisdom allows the making of wills of this kind, but they must be made, not from choice, but of neces-

sity.  Accordingly, it was held in *Ellington* v. *Dillard et al.*, 42 *Ga.* 361, that such a will must be made *in extremis.*

In testing the validity of an alleged nuncupative will, it is impossible, in the nature of things, to lay down a fixed and unvarying rule as to what length of time may elapse between the dictation of the will and the death of the testator.  In such case, the test to be applied is not one of mere time alone.  For example, a person conscious of approaching death might dictate an oral will, and within a few minutes after so doing, become insensible and remain so for days or even weeks before death ensued, and finally die without having returned to consciousness.  In a case like this, the will would undoubtedly be good.  On the other hand, a person in a dying condition might go through the form of·making a nuncupative will, and live only a few hours thereafter; and yet, the will would not be valid if it also appeared that a scrivener was present ready to reduce the will to writing, that there was ample time for so doing, nothing to prevent it, and still the testator deliberately declined to have this done.  After all, it is a question of fact to be determined by the jury whether or not, under all the circumstances, there was a reasonable opportunity to make a written will.  In any given case, therefore, the court would not be warranted in charging that an alleged nuncupative will would not be invalid because, in point of fact, the testator may have had time to have it reduced to writing, if before death he lingered in a conscious condition for only such and such a length of time.  On the contrary, we think the charge actually given in the case now under consideration, and quoted in the second head-note, is about as accurate and proper an instruction upon the subject as the court could well have given.  We adopt that charge as the correct law applicable to the case in hand.

Upon an examination into the merits of the case, we find that the evidence amply warranted the verdict, and no reason for setting it aside appears.

*Judgment affirmed.*