## SMITH *v.* SALTER.

1. The evidence in this case warranted a finding that there was not sufficient "time and opportunity and means at hand" for the testatrix to have her will reduced to writing and duly executed, and did not demand a finding that she made an oral will from choice rather than necessity.
2. While a nuncupative will must be "proved by the oaths of at least three competent witnesses that were present at the making thereof," it is not, in this State, essential to its validity that the testator should bid all of these witnesses "bear witness that such was his will, or to that effect."

Submitted March 1, — Decided April 24, 1902.

Appeal from probate of will. Before Judge Evans. Washington superior court. August 31, 1901.

Citations in briefs: Civil Code, § 3349; *Sampson* v. *Browning*, 22 *Ga.* 293; *Ellington* v. *Dillard*, 42/361; *Scaife* v. *Emmons*, 84/619; *Cureton* v. *Taylor*, 89/490; *Bellamy* v. *Peeler*, 96/467; *Knox* v. *Richards*, 110/9; *Smith* v. *Crotty*, 112/905; 1 Jarm. W. 134, n.; Bennett *v.* Jackson, 2 Phill. (Eng.) 190; Winn *v.* Bobb, 3 Leigh, 140; Parsons *v.* Parsons, 2 Me. 298; Welling *v.* Owens, 9 Gill, 467; Pierce *v.* Pierce, 46 Ind. 86; Ridley *v.* Coleman, 1 Sneed (Tenn.), 616; Yarnell's Will, 4 Rawle, 64; Tally *v.* Butterworth, 10 Yerg. 505; Porter's Appeal, 10 Barb. (Pa.) 254; 16 Am. & Eng. Enc. L. 1012.

*Evans & Evans*, for plaintiff in error.
*Hardwick & Hyman*, contra.

LUMPKIN, P. J. This was a case in which a nuncupative will was admitted to probate. The record presents the two questions dealt with in the headnotes.

1. It appears from the testimony that the testatrix, Sallie Roberson, died on the 31st day of December, 1900, and that about sunset on that day, being exceedingly ill and conscious of her condition, she made an oral will in the presence of three witnesses. According to one of these, "she died an hour or two afterwards." The other witnesses testified that she lived from four to five hours after pronouncing her will. There was also testimony to the effect that she remained conscious and in full possession of her faculties up to the time of her death, and that a justice of the peace resided about a quarter of a mile from her house. We do not, however, think it would do to hold, as matter of law, that the testatrix, after pronouncing her will, "had the time and opportunity, and means at at hand, to have reduced it to writing," and that consequently she made an oral will from choice rather than from necessity. See, in this connection, *Bellamy* v. *Peeler*, 96 *Ga.* 467. The jury might have found that the testatrix actually lived but a little more than an hour after making the nuncupative will; and if so, it would be straining to say that the same was inoperative, on the idea that the magistrate might have been sent for and, if found at home, summoned to the bedside of the testatrix and his services procured in reducing her will to writing and seeing to its proper execution.

2. The making of the nuncupative will and the nature of the testamentary disposition of her property were clearly and affirmatively proved by three witnesses. Two of them testified that the testatrix at the time of pronouncing the same did bid them bear witness that she was about to declare her will. A similar request was not made of the other witness who was introduced by the propounder. So the question is, was it essential to the validity of the will that the testatrix should have addressed to all three of the witnesses a direction or request to bear witness that it was her will that her property should be disposed of in the manner stated by her? We think not. The Civil Code, § 3349, declares that: "No nuncupative will shall be good that is not proved by the oaths of at least three competent witnesses that were present at the making thereof, nor unless it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, bear

witness that such was his will, or to that effect." It is to be noted that while the law prescribes that at least three competent witnesses must be "present" at the making of a nuncupative will, it is only essential that the testator bid *some* of " the persons present" bear witness to his wishes with regard to the disposition of his estate. We think the expression, "the persons present," was intended to refer to the " competent witnesses," at least three in number, who are present at the time a will is pronounced ; and we accordingly hold that it is not indispensable to the validity of the will now under discussion that the testatrix should have called upon each of the three witnesses who were present at the time it was made to bear in mind what were her wishes in the premises, in order that they might be able to testify in regard thereto when her will was offered for probate. No such requirement is to be gathered from the language of the code section above cited; and as its provisions in other respects were fully met, the will should be given effect.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*