SCALES *v.* HEIRS AT LAW OF THORNTON.

1. It is essential to the validity of a nuncupative will that the testator should, at the time of pronouncing the same, communicate to some of the persons present his intention to make such a will, and in some way request them to bear witness that the statements about to be made are intended as his will.

2. The evidence in this case demanded a finding against the propounder, and there was no error in refusing to grant a new trial.

Submitted May 6, — Decided May 30, 1903.

Probate of nuncupative will. Before Judge Russell. Gwinnett superior court. August 2, 1902.

W. F. Scales offered for probate a nuncupative will alleged to have been made by Mary A. Thornton. The heirs at law of the deceased filed a caveat, and on appeal in the superior court the jury found in favor of the caveators. A motion for a new trial filed by the propounder was overruled, and he excepted. The motion contained the general grounds that the verdict was contrary to law and

without evidence to support it, and a special ground assigning error on the following extract from the charge of the court: "One of the necessary requisites of a valid nuncupative will is that the testator shall bid the persons present, or some of them, to bear witness that such is his or her will, or words to that effect. That is to say, that the testator in this case must have bid as many as three persons present, or called upon them either singly or collectively, to pay attention to her disposition of her property by will, or words to that effect." The assignment of error upon this charge is that it excluded from the consideration of the jury any words or acts of the testatrix that indicated to the witnesses and bystanders that it was her intention to make a disposition of her property after death. The judge appends the following note to this ground of the motion: "The court charged the language complained of after having given § 3349 in charge. The court did not attempt to amplify or fully explain the words ' to that effect,' not agreeing with counsel in his contention that the acts of the testator or any other person, or any surrounding circumstances, could dispense with testator's orally calling attention to the fact that she wanted them to bear witness to what she wanted done with her property after death."

The evidence was conflicting on the issue as to whether at the time of making the alleged will the deceased had sufficient mental capacity. The evidence on the issue as to the rogatio testium was substantially as follows: Mrs. Thornton died on June 30, 1901. The day before her death Mrs. Mary A. Crow was sent for by a messenger, who reported that Mrs. Thornton's daughters wanted her to come to their mother's house, as they did not want to be there alone, because their mother was getting very weak. When Mrs. Crow arrived Mrs. Thornton's daughters, Mrs. Cole, Mrs. Pass, and Mrs. Beard, were at the house. Mrs. Beard was sent for at that time to come into the room. Mrs. Thornton expressed a wish as to the disposition of her property. The exact language of the witness (Mrs. Crow) on this point is as follows: "I noticed that she kept looking at me like she had something to say. I went after a glass of water, and meeting Mrs. Beard in the hall I mentioned it to her. Mrs. Beard asked me to ask her mother if she had anything to say. After giving her some water, I sat down by the side of the bed and minded the flies away. She kept looking at me as though she wanted to speak. I said to her: 'Mrs. Thornton, if you have any-

thing to say, say it.'    Mrs. Pass said: 'Yes, mother, if 'you have anything to say, say it; we are all here to hear it.'    Mrs. Thornton then turned herself in the bed and sorter raised up, supporting herself on her elbow, and said: 'Well, I want the beds weighed and equally divided among the four girls, and the bed clothes the same way.'   She then laid back on her bed and said: 'To sum it all up: I want Willis to have one half of my land and Joanna the other.' Then Mrs. Pass said: 'Mother, do you think it is right for Joanna to have half?'  'I honestly think it is.'    Then Mrs. Pass said: 'What about the railroad stock?'    She replied: 'I have nothing to do with that; it is done fixed.'"   The witness then testified that in her opinion Mrs. Thornton knew those present and knew what she was doing, and that the paper offered for probate contained her wishes as above expressed.    Other witnesses testified in substance to the same facts as those detailed above.

*N. L. Hutchins*, for plaintiff.    *W. E. Simmons*, for defendants.

Cobb, J.  Nuncupative wills are not favorites of the law, and in applications for probate of such wills it must appear that every requirement of the statute has been met.    In re Yarnall's Will, 4 Rawle, 46; Dorsey *v.* Sheppard, 3 Gill & J. 192.    One of the requirements of the law of this State is that " it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, bear witness that such was his will, or to that effect."    Civil Code, § 3349.    This section of the code was taken almost literally from the 19th section of the statute of frauds, and the part quoted is in the exact language of that section of the statute.    Prince's Dig. 917.    Simple statements by the person claimed to have made the nuncupative will, indicating a wish or desire as to the disposition of property after death, are not alone sufficient to authorize the setting up of a nuncupative will, notwithstanding such statements may have been made in the presence of a sufficient number of competent witnesses.    It must appear not only that the person made use of words which would amount to a testamentary disposition, but he must have intended to make a will, and must have indicated in some way to the persons present, or some of them, that he had such an intention and that he desired them to bear witness to the disposition he was about to make of his property.    While it is not necessary that all of the persons present

should be called upon to bear witness that what was being said was intended as the will of the party speaking, it is essential that some of them should be so called upon; and while no given number need be thus called upon, there must be at least three witnesses to the testamentary disposition. See *Smith* v. *Salter*, 115 *Ga.* 286; Pritch. Wills, § 200, p. 220. It has been held that it is not necessary that the bidding of the witnesses should be by word of mouth; that it may be by acts, as by signs and gestures. Hatcher v. Millard, 2 Coldw. 30; Arnett *v.* Arnett, 27 Ill. 247, s. c. 81 Am. Dec. 227; Winn *v.* Bob, 3 Leigh, 140, s. c. 23 Am. Dec. 258. It is not, however, necessary in the present case to decide whether the ruling in these cases ought to be followed. It has also been held that where the nuncupative will is drawn from the witness by interrogatories, stricter proof is required than in other cases. See Dorsey *v.* Sheppard, 3 Gill & J. 192; Andrews *v.* Andrews, 48 Miss. 220. The statute requires that it should clearly appear that there was an intention to make a nuncupative will, and that the person making it should have in some way communicated this intention to some of the persons present and called upon them to bear witness to the testamentary disposition about to be made. It would be difficult to lay down any general rule as to how the persons should be bidden to bear witness. If spoken or written words are indispensable, it is certainly not necessary that the exact words of the statute should be used. Any words which adequately communicate the intention to make a will and amount to a request that the persons to whom they are addressed should bear witness to it are sufficient. From the nature of things, each case must be decided on its peculiar facts. Strict proof is required, because the opportunity for fraud and the likelihood of a mistake are so great. An examination of the following authorities will throw much light on the subject, and show with how little favor these wills have been regarded, and how strict the rules are as to the quantum of proof necessary; 16 Am. & Eng. Enc. L. (1st ed.) 1013 (note 5); Pritch. Wills, §§ 200–201; 1 Under. Wills, § 169; Page, Wills, § 237; 1 Wms. Exrs. 168; Burch *v.* Stovall, 27 Miss. 725; Brown *v.* Brown, 2 N. C. 350; Morgan *v.* Stevens, 78 Ill. 287; Parsons *v.* Parsons, 2 Greenl. 273; Harrington *v.* Stees, 82 Ill. 50; In re Est. Grossman, 175 Ill. 425; Est. Wiley, 187 Pa. St. 82; Bundrick *v.* Haygood, 106 N. C. 468; Smith *v.* Thurman, 2 Heisk, 110; In re Yarnall's Will, 4 Rawle, 46; Weeden *v.* Bart-

lett, 6 Munf. 123; Baker v. Dodson, 4 Humph. 342; Baineau v. LeBlanc, 14 La. Ann. 729; Dawson's App. 23 Wis. 69; Winn v. Bob, 3 Leigh, 140; Biddle v. Biddle, 36 Md. 630; Garner v. Lansford, 12 Sm. & Mar. 558; Gwin v. Wright, 8 Humph. 639; Broach v. Sing, 57 Miss. 115; Dockman v. Robinson, 6 Foster, 372; Sykes v. Sykes, 20 Am. Dec. 40, 44, and notes; Offutt v. Offutt, 3 B. Mon. 162, s. c. 38 Am. Dec. 183; In re Will of Herben, 20 N. J. Eq. 473; *Scaife* v. *Emmons,* 84 *Ga.* 619. Upon a careful examination of the testimony in this case, we are unable to find anything which would amount to a bidding of persons to bear witness to the alleged will. It is not pretended that there was any oral request on the part of the testatrix to any one to bear witness that she was making a will. There is nothing shown by the testimony which would be the equivalent of a bidding. The testimony indicates nothing more than that the decedent made certain statements showing what disposition she wanted made of her property. It does not clearly appear that she knew she was making a will. For aught that appears from the testimony, she may have expected merely that her wishes would constitute a moral obligation upon her heirs at law. She may not have intended to make a legal will. But even if she did, there is no evidence that she communicated this intention to anybody, or requested any one to bear witness that she was making such a will. In short, the testimony comes far short of the strict rule required in such cases; and even if the charge of the judge was in any respect erroneous, it would not be cause for a new trial, as the evidence demanded a finding against the propounder. See *Sampson* v. *Browning,* 22 *Ga.* 293.

*Judgment affirmed.* *By five Justices.*