JONES *v.* ROBINSON; *et vice versa.*

Nos. 7239, 7240. NOVEMBER 13, 1929.
REHEARING DENIED DECEMBER 16, 1929.

*Scott Candler, William Attaway,* and *H. B. Moss,* for plaintiff. *Carl T. Hudgins, B. H. Burgess,* and *T. G. Lewis,* for defendant.

HINES, J. This is the second appearance of this case in this court. *Robinson* v. *Jones,* 167 *Ga.* 38 (144 S. E. 774). This court

then reversed the judgment of the lower court refusing to grant a new trial, partly because the evidence did not disclose that the testatrix, at the time of pronouncing her alleged nuncupative will, "did bid" the persons present, or some of them, to bear witness that such was "her will, or to that effect." The evidence introduced on the first trial is embraced in the statement of facts accompanying the opinion of this court in 167 *Ga.* On the last trial A. P. Jones, one of the witnesses to the alleged nuncupative will, and a beneficiary thereunder, supplemented his evidence on the former trial by testifying that the testatrix, after she got through dictating what she wanted to do with her property, and after his father and mother had moved back a little bit, and he had moved up a little bit closer, taking his father's place, made to him these remarks: "You must remember how I have willed my property. I can't be here long. I am depending on you to carry out the way I tell you." From the time she apparently quit talking until she spoke these words, not over a minute or two had elapsed. On the former trial W. F. Jones testified that the testatrix did not call upon him or any of them to witness her will. On the last trial he was silent on this subject. Does this additional testimony of A. P. Jones, and the lack of testimony of W. F. Jones on this subject, require a ruling different from that made when the case was formerly here? "No nuncupative will shall be good that is not proved by the oaths of at least three competent witnesses that were present at the making thereof; nor unless it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, bear witness that such was his will, or to that effect; nor unless such nuncupative will was made in the time of the last sickness of the deceased, and in the house of his habitation or dwelling, or where he had been resident for the space of ten days, or more, next before the making of such will, except where such person was surprised or taken sick, being from his own home, and died before he returned to the place of his dwelling." Civil Code (1910), § 3925. Each of these requirements is essential to the valid execution of a nuncupative will, and must be proved by three competent witnesses. It must "be proved that the testator at the time of pronouncing the same did bid the persons present, or some of them, to bear witness that such was his will, or to that effect." This is denominated in the law of nuncupative wills as the rogatio testium.

Unless the testator bid the persons present, or some of them, to bear witness that he was pronouncing his will, or in language to that effect, a nuncupative will is invalid. In *Sampson* v. *Browning,* 22 *Ga.* 293, this court held that "No nuncupative will can be good 'unless it be proved that the testator at the time of pronouncing the same did bid the persons present, or some of them, to bear witness that such was his will, or to that effect.'" In *Scales* v. *Heirs of Thornton,* 118 *Ga.* 93 (44 S. E. 857), this court held that "It is essential to the validity of a nuncupative will that the testator should, at the time of pronouncing the same, communicate to some of the persons present his intent to make such a will, and in some way request them to bear witness that the statements about to be made are intended as a will." This court has held that the expression, "the persons present," refers to the "competent witnesses," at least three in number, who were present at the time the will was pronounced; but that it was not indispensable to the validity of the will that the testatrix should have called upon each of the three witnesses who were present at the time to bear in mind that she was making her will. *Smith* v. *Salter,* 115 *Ga.* 286, 288 (41 S. E. 621). It necessarily follows from this ruling that the rogatio testium must be made to one or more of the competent witnesses and in their presence. Otherwise an essential and indispensable requirement of a nuncupative will might be established by one witness instead of three.

This construction of our statute is supported by the best textbooks upon this subject, and by the decisions of the courts in other jurisdictions. Page states the rule as follows: "The most common formality which is required is that the testator must call upon one or more persons, in the presence of the requisite number of witnesses, to bear witness that the words which he is speaking are his last will. This formal calling upon the witnesses is known as the rogatio testium, and it is, under such statutes, an essential element of a nuncupative will, without which the will is invalid." 1 Page on Wills (2d ed.), § 379. Cyc. lays down the doctrine as follows: "The testator must in some form declare his words to be his will, and request the persons present, or some of them, to bear witness to it. Compliance with this requirement is absolutely essential to the validity of the will, and must be clearly proved. No matter how clear the testamentary intent may be proved, a

paper offered as such will be invalid as a nuncupative will without proof of this requisite. However, the request need not be in any particular form or in the language of the statute. Any form of expression, however imperfectly uttered, so that it conveys to the mind of those to whom it is addressed the idea that he desires them, or some of them, to bear witness· to the disposition he is making of his property will be deemed a compliance with the statute in that regard." 40 Cyc. 1137. Ruling Case Law states the principle thus: "The testator in a nuncupative will must by signs or words request all or some of those present to bear witness that such is his will, in order to make it valid. The rogatio testium of a nuncupative will, as it is called, need not be in any set or particular form of words, and the language of the statute need not be used. Any form of expression is sufficient, however imperfectly uttered, if it clearly conveys to the minds of those to whom it is addressed the idea that the testator desires them or some of them to bear witness to the disposition that he is then making of his property." 28 R.· C. L. 157, § 112. In Bennett v. Jackson, 1 E. C. C. 229, 2 Phillimore, 190, Sir John Nicholl, who delivered the opinion of the court, said: "Now, in the present case, at the beginning of the transaction, there was clearly no rogatio testium: the statement is 'that the deceased having called Anne Jackson and Elizabeth Warren Jackson (a minor), her daughters, to her bedside, and spoke to them of the disposition of her effects; and Edward Bennett Jackson, her son, being sent for, to be also present to hear his mother's declaration; and her said three children being all present, and at her bedside, she, the said Susannah Jackson, did, in the presence of us, whose names are subscribed (the three attesting witnesses), and of the said Elizabeth Warren Jackson, declare and direct, &c.' This is the statement; and neither in this nor in the words spoken is there anything to show the animus testandi. There is no declaration that the words were spoken with the intention of making a will at the time; which the statute particularly requires. . . It does not appear that the words were spoken animo testandi; there is no rogatio testium at the beginning, no declaration that the words were spoken with the intent of making a will at the time. The words of the statute are very strong and must be held strictly." The probate of the will was refused.

In Estate of Askins, 20 D. C. 12, it was held that to establish a

nuncupative will it must appear by proof that at the time of pronouncing the alleged testamentary words the testator did bid the persons present, or some of them, to bear witness that such was his will. In Arnett *v.* Arnett, 27 Ill. 247 (81 Am. D. 227), it was said: "In this case every requirement of the law was complied with, except the last member of the sentence quoted. That requires that the testator shall, at the time of pronouncing the words of the will, request some of the persons present to bear witness that such was his will, or words to that effect. It is not enough that the words of the will alone should be spoken in the presence of those who might bear witness to it, but the testator must also use some words indicating his desire or wish that those present, or some of them, should bear witness that such was his will. . . There is nothing to show that he ever expected or wished that any one present should remember what he had said, or should ever repeat those declarations, or should go before any tribunal to prove that such was his will. If we say that such must have been his desire from the nature of things, that is but conjecture at best; and the legislature has declared that such conjecture shall not be sufficient." In re Grossman's estate, 175 Ill. 425 (51 N. E. 750, 67 Am. St. R. 219), the Supreme Court of Illinois said: "If the testator says nothing at all in regard to witnessing the will, how can it be said that he desired or wished those present to bear witness to the will?" In Garner *v.* Lansford, 20 Miss. 558, it was held that "a nuncupative will can not be established without proof, in accordance with the statute, that the decedent called upon persons then present to take notice that the disposition made was his will." In Parkison *v.* Parkison, 20 Miss. 672, it was held that the witnesses to the nuncupative will should be able to testify that one present was called on by the deceased to take notice of, or bear testimony to such being his will; or words to that effect. In Andrews *v.* Andrews, 48 Miss. 220, it was decided: "Nuncupative wills, though tolerated, are by no means favorites of the law. Wherefore, not only is the law more strictly construed, but the evidence of the factum of a nuncupative will is required to be more strict and stringent, including the testamentary capacity, the animus testandi and the rogatio testium, than in the case of a written will. Words by the deceased at the time, indicating his wish that those present, or some of them, shall bear witness that

such is his will, are indispensable." In Broach v. Sing, 57 Miss. 115, it was held that "The statement of a sick person, that she wants her husband to have her property, although made in the presence of two witnesses, can not be probated as her nuncupative will, if she neither mentions a will nor calls on any one to note her language." In Biddle v. Biddle, 36 Md. 630, it was decided: "To constitute a valid nuncupative will, there must be evidence of a sound and disposing mind on the part of the testator, a present intention to dispose, and apt words of disposition; and the factum of the will must be proved by the oaths of three witnesses at least, who were present at the making thereof; and it must also be proved that the testator at the time of pronouncing the will requested the persons present, or some of them, to bear witness that such was his will, or something equivalent thereto." It was further held that the rogatio testium was essential to the validity of a nuncupative will, and can not be supplied from the nuncupation itself.

In Godfrey v. Smith, 73 Neb. 756 (103 N. W. 450, 10 Ann. Cas. 1128), it was decided that "Proof of the rogatio testium or formal calling of witnesses to bear witness is a necessary element in this class of wills, and, no matter how clear the testamentary intent may be proven, a paper offered as such will will be invalid as a nuncupative will without satisfactory proof of this requisite." In that case it was further held that no particular form of words was required in proof of the rogatio testium; and that while it is only necessary for the testator to call on one person to bear witness to his will, this must be done in the presence of the other witnesses, and such fact must be proven by their testimony. In Male's Case, 49 N. J. Eq. 266 (24 Atl. 370), it was held that it is an essential element to the establishment of a nuncupative will that it shall clearly appear that the testator by his own language, before pronouncing the will, indicated to those about him, or some of them, that they were to witness that the very words he presently uttered were to constitute his last testament. In Brown v. Brown, 6 N. C. 350, it was ruled that "The persons who are introduced to establish a nuncupative will must have been specially called by the testator to bear witness to what he was saying." In Yarnall's Will, 4 Rawle (Pa.), 46 (26 Am. D. 115), in construing a statute of Pennsylvania which differed from our statute only in the number of witnesses which is required to establish a nuncupative will, the court held

that "Two witnesses to a nuncupative will are required, who must both be present at the making thereof, and hear the testator call both or on two or more persons then present to remember that such is his will." In Taylor's Appeal, 47 Pa. 31, it was held that a nuncupative will could not be established where no proof was made of a request by testator to bystanders to bear witness that the words used were his will. In Wiley's Estate, 187 Pa. 82 (40 Atl. 980, 67 Am. St. R. 569), the court held, that, to constitute a nuncupative will, each requisite of the statute must be strictly complied with; that it must be shown that there was present, not only the animus testandi, but the intent and mind to nuncupate; and that, in the absence of an explicit call upon the persons present to bear witness that such was the intended effect of the declaration, the paper offered must fall as a nuncupative will. In re Rutt's Estate, 200 Pa. 549 (50 Atl. 171), it was declared that "Declarations of decedent can not be considered a nuncupative will, he not having called on the persons present . . to witness that such was his will." In Ridley v. Coleman, 33 Tenn. 616, it was ruled that where the deceased a few days before her death stated in the presence of witnesses how she wished her property to be divided, but did not call upon any one to bear it in mind as her will, such a disposition of her property was not a valid nuncupation. In Brunson v. Burnett, 2 Penney (Wis.), 185, it was held, that, "In order to entitle a nuncupative will to probate, all the provisions of the law permitting and regulating such wills must be strictly complied with."

In this case there is no proof that the testatrix, at the time of pronouncing her alleged will, did bid W. F. Jones, or his wife, Alice J. Jones, to bear witness that such was her will, or make any statement to that effect. If the statement made to A. P. Jones, the other witness, embraced in his testimony on the last trial of the case, should be held to constitute a request or direction for him to bear witness to her will, then such request or direction is insufficient to establish the nuncupative will, for the reason that our statute requires proof of the rogatio testium to be made by three witnesses. The propounder having failed to make this proof by the three witnesses to the alleged nuncupative will, the instrument propounded was invalid as a will. We see no reason why the ruling of this court before upon this subject should not be followed.

*Judgment affirmed on the main bill of exceptions. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent. Cross-bill of exceptions dismissed. All the Justices concur.*