## DENMARK *v.* RUSHING *et al.*

No. 17604. Argued September 12, 1951—Decided November 15, 1951—Rehearing denied November 28, 1951.

*Jackson & Graham, J. Ellis Pope,* and *C. L. Cowart,* for plaintiff.

*T. Ross Sharpe, C. O. Purcell, S. T. Brewton,* and *R. K. Girardeau,* for defendants.

HEAD, Justice. The Code, § 113-304, provides: "If a subscribing witness is also a legatee or a devisee under the will, the witness shall be competent, but the legacy or devise shall be void."

In *Smith* v. *Crotty,* 112 *Ga.* 905 (38 S. E. 110), this court held: "That the testimony of one named in a nuncupative will as legatee is essential to lawfully proving the making thereof does not render his legacy void." This opinion was not by a full bench, one Justice being absent. Justice Lumpkin, in announcing the court's decision in *Smith* v. *Crotty,* supra, reasoned that the section of the Code which is now codified as § 113-304 was not applicable to oral wills, since the term "subscribing" witness is used, and that this term could properly be applied only to written wills.

We can not agree with the reasoning in this opinion. If it is a wise provision of law that a devise to a witness is void where a will is executed with all the formality required by law (Code, § 113-301), it would seem an even more salutary rule that none of the three witnesses whose oaths are required to prove an oral will (Code, § 113-502) could receive a benefit under such oral will. We think that the Code, § 113-304, was intended to apply to all wills, both oral and written, and we disapprove of the ruling made in *Smith* v. *Crotty,* supra.

Since the propounder in the present case was an essential witness to the alleged oral will, and the only beneficiary thereunder, under the Code, § 113-304, the will could not be operative. While such a will, if properly proved, might be entitled to probate, it would be a vain and useless thing to reverse a judgment refusing the probate of a will which could have no effect if probated. It is, therefore, unnecessary to deal with the assignments of error made by the propounder on the overruling of the motion for new trial.

*Judgment affirmed. All the Justices concur.*