23434.   LEE et al. v. GREEN et al.

SUBMITTED APRIL 12, 1966—DECIDED MAY 5, 1966.

*Cassandra Maxwell Birnie,* for appellants.

*Hilliard & Parsons, R. David Giles, Jr.,* for appellees.

GRICE, Justice.   The issue here concerns the validity of a devise to the two witnesses to a nuncupative will and also the probate of that will.

Charles Lee made application in the Court of Ordinary of Fulton County to probate the nuncupative will of John B. Capers. The will, reduced to writing and offered for probate within the required times, was witnessed by Lee and Mrs. Birdie Lyman. It purported to devise one-half of certain property to them and the other one-half to the testator's sister and brothers, and to exclude from its provisions any disposition of certain other property left by the testator's wife.   The sister and a brother of the testator filed a caveat to the will.   The court of ordinary sustained the caveat and denied probate.

Lee and Mrs. Lyman appealed to the superior court.   According to the stipulated facts, they testified there that the testator had made no written will; that on April 26, 1959, he called them in and orally made the will offered for probate; that this was during his last illness and he died three days later; that they were his foster children and not legally adopted; that on May 12, 1959, they executed affidavits as the only two witnesses to the testator's oral statement; and that such will made them devisees of one-half of his estate.   Finding that the witnesses to the nuncupative will were legatees and devisees under it, the court granted the appellee's motion to dismiss the appeal based upon that ground.

Lee and Mrs. Lyman appealed to this court, enumerating that ruling as error.   They have requested this court to review and overrule *Denmark v. Rushing,* 208 Ga. 557 (67 SE2d 766).

■ The crucial question here is whether *Code* § 113-304 applies to nuncupative wills. That section provides, insofar as material here, that "If a subscribing witness is also a legatee or devisee under the will, the witness shall be competent, but the legacy or devise shall be void . . ."

As the appellants realize, this question is controlled by *Denmark v. Rushing,* 208 Ga. 557, supra, a full-bench decision of this court. The opinion in that case held that *Code* § 113-304, supra, does apply to nuncupative as well as to written wills and disapproved a previous decision to the contrary (*Smith v. Crotty,* 112 Ga. 905 (38 SE 110), one Justice absent).

We have carefully reviewed the *Denmark* decision and conclude that it is correct. We agree with its statement that "If it is a wise provision of law that a devise to a witness is void where a will is executed with all the formality required by law (*Code* § 113-301), it would seem an even more salutary rule that none of the three witnesses whose oaths are required to prove an oral will (*Code* § 113-502) could receive a benefit under such will. We think that the Code, § 113-304, was intended to apply to all wills, both oral and written . . ." P. 558.

We believe that a different conclusion would be contrary to the oft repeated statement that nuncupative wills are not favorites of the law and that strict proof of them is required. See *Scaife v. Emmons,* 84 Ga. 619 (10 SE 1097); *Smith v. Crotty,* 112 Ga. 905, 907, supra; *Scales v. Heirs at law of Thornton,* 118 Ga. 93, 95 (44 SE 857); *Jones v. Robinson,* 169 Ga. 485, 489 (151 SE 8).

The request of the appellants to overrule *Denmark v. Rushing,* 208 Ga. 557, supra, is denied.

■ Under *Code* § 113-304 and the ruling in the *Denmark* case, the appellants were competent witnesses to the nuncupative will sought to be probated, but the devise therein to them is void.

■ The will should not have been denied probate. It appears that the requirements for a nuncupative will were met, and that this one was proved.

*Code Ann.* § 113-502 provides that: "No nuncupative will shall be good unless proved by the oaths of at least two competent witnesses who were present at the making thereof; nor

unless it shall be proved that the testator, at the time of pronouncing the same, bade the persons present, or some of them, to bear witness that such was his will, or to that effect; nor unless such nuncupative will was made in the time of the last sickness of the deceased." Here, as held in Division 2, the two appellants were competent witnesses. They testified that they were called in by the testator to hear his will, and that this occurred during his last illness. The record shows that the "substance of the testamentary dispositions . . . [was] reduced to writing within 30 days after the speaking of the same," as required by *Code* § 113-503; and that proper application for probate of the will was made within six months after the death of the testator, as set forth in *Code Ann.* § 113-617.

The situation here differs from that in the *Denmark* case, 208 Ga. 557, supra, where the denial of probate was not reversed because one of the essential witnesses was the sole beneficiary under the will and since the devise to him was void, its probate would have been useless. Here, the will sought to be probated, in addition to the devise to the witnesses which was held in Division 2 to be void, contains a devise to the testator's sister and brothers. And it does not appear that such sister and brothers are the testator's only heirs at law. Hence, it cannot be said that the probate of this will would be useless.

For the reasons stated in Division 3, the judgment is

*Reversed. All the Justices concur.*