## 26487. BROWN v. BUTTS.

UNDERCOFLER, Justice. The issue here is whether a nuncupative will may be probated where the testatrix thereafter signed a paper setting forth a disposition of her property.

The evidence shows: On Sunday, March 8, 1970, about midnight Eliza Butts made an oral will in the presence of seven persons. Thereafter, one of these persons inquired of the testatrix whether she would sign a paper containing the words just spoken. Upon receiving an affirmative answer, they were reduced to writing, read and signed by the testatrix. The paper states, "I, Eliza Butts, do hereby will my house 1913 — 2nd Ave., S. E. to my niece Annie Butts. The lots Ada Lot is: between Ada Whitehead and Lillie Brown." Eliza Butts died several hours later. The paper was witnessed after her death. The scrivener testified, over objection, that she did not intend to draw a will for Eliza Butts but was "Just writing out that last statement in case it would be needed for proof that she repeated her words." She testified further that she had no particular reason for using the phrase "I hereby will" but was just trying to write down what Eliza Butts had said. No issue is made here that the oral will by itself did not comply with the provisions of law for nuncupative wills. Caveator's motion for a directed verdict was overruled. The jury returned a verdict for the propounder and the court ordered the oral will probated. Thereafter caveator's motion for judgment n.o.v. or new trial was denied and this appeal entered. *Held:*

1. Nuncupative wills are not favored. *Scales v. Thornton's Heirs,* 118 Ga. 93, 95 (44 SE 857). The reasons for their recognition have virtually disappeared. Nevertheless, they are still valid in Georgia when made in extremis. *Code Ann.* § 113-501 et seq. However, an oral will is invalid if time and opportunity exists thereafter to reduce it to writing. *Bellamy v. Peeler,* 96 Ga. 467 (2) (23 SE 387). Similarly, if a written will is executed after an oral will, the oral will is invalidated, even though the written will is ineffectual because the statutory requirements are not met. As stated in *Stamper v. Hooks,* 22 Ga. 603, 606, "If a person *sign* the writing, which he intends to be his will, does the

act of signing prevent the will from being a nuncupative will? We think that it does. A nuncupative will is a will that is not *in writing.* Swinburne says: A nuncupative testament is when the testator, without any writing, doth declare his will before a sufficient number of witnesses. 87 See id. 77 . . . Now it cannot be said of any deed, or bond, or promissory note, that is *signed* by the maker of it, that it is a deed, or a bond, or a promissory note as the case may be, *not in writing.* On the contrary, it is to be said of every deed, bond or promissory note, that is *signed* by the maker of it, that it is a deed, or a bond, or a promissory note, as the case may be, *in writing.* And it must be true, that whatever may or may not be said of a deed, or a bond, or a promissory note, in this respect, equally may or may not be said of a will, in this respect. It must be true, therefore, that it cannot be said of a will that is *signed* by the maker of it, that it is not a will *in writing.* Consequently, it cannot be said of such a will, that it is a nuncupative will."

The question here then is whether the testatrix intended the paper she signed to be a will. "The courts have said again and again that the test whether or not an instrument is testamentary in character is whether it was executed with the animus testandi; with testamentary intent." Page on Wills, p. 101, § 46; Redfearn on Wills (3rd Ed), p. 133, § 69; 94 CJS 902, § 129; 57 AmJur 590, § 896. The animus testandi is determined from the instrument and parol evidence of the surrounding facts and circumstances at the time of its execution. *Burge v. Hamilton,* 72 Ga. 568, 628. The evidence here shows that the testatrix wanted her lawyer on Saturday before her death and was told that one would be obtained for her on Monday. On Sunday night she stated, "Tomorrow will be too late for a lawyer, I am going to leave here tonight. . ." and thereafter, as admitted by the appellant, made a valid nuncupative will. One of the persons present then stated, "If I write it [sic] down what you said will you sign it?" and the testatrix answered, "Yes." The scrivener testified that she was not trying to prepare a will but just recorded what the testatrix had said. This evidence was sufficient to raise a question of fact for the jury as to the issue of devisavit vel non. *Ellis v. O'Neal,* 175 Ga. 652 (3, 4) (165

SE 751); *Patterson v. Hickey,* 32 Ga. 156, 159. Therefore, the trial court correctly overruled the motion for new trial and the motion for judgment notwithstanding the verdict.

2. The appellant contends that it was error to allow the scrivener, over his objection, to testify ". . . I wasn't drawing up a will, I was just writing down what Miss Eliza said." The court allowed this testimony into evidence. The scrivener was not competent to testify as to the intention of the testatrix (*Napier v. Little,* 137 Ga. 242 (1) (73 SE 3, 38 LRA (NS) 91, AC 1913A 1013)), but the scrivener could testify as to her own intention. *Alexander v. State,* 118 Ga. 26 (4) (44 SE 851); *Kirkman v. Ashford,* 145 Ga. 452 (6) (89 SE 411); and *Hasty v. Wilson,* 223 Ga. 739 (7) (158 SE2d 915). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1971—DECIDED MAY 6, 1971.

*Whelchel & Whelchel, James C. Whelchel,* for appellant.
*Moore & Chambliss, C. Saxby Chambliss,* for appellee.

