No. 5.—NEMATHA NEWMAN, plaintiff in error, *vs.* J. S.
COLBERT, *et al.* defendants.

[1.] The *20th section Statute* 29*th Charles II. ch.* 3, forbidding any evidence
to set up a nuncupative will, after six months after the time the will was
made, unless it was reduced to writing within six days from the making
of such will: *Held*, not to be repealed by the Act of 1805, allowing an ap-
peal from the Court of Ordinary.

Caveat on appeal, in Coweta Superior Court. Tried by
Judge HILL. September Term, 1852.

The issue in this case arose upon a caveat to the nuncupa-
tive will of Martha Newman. The following statement of facts
was agreed on by counsel for the parties:

"That Martha Newman, died in September, 1851, in two or
three days after the speaking of the pretended testamentary
words: that Nematha Newman, the propounder of the will, at-
tempted to prove said will before the Court of Ordinary of Cowe-
ta County, at the January Term, 1852, which Court gave judg-
ment in favor of the caveators, (the defendants in error.) An
appeal was taken by the propounder, within the time prescrib-
ed by law; the cause was continued at the March Term, 1852,
of the Superior Court of said County. That the will, nor the
substance of it, nor the testimony going to establish it, were
not reduced to writing within six days after the speaking
the testamentary words."

On the trial, counsel for caveators moved to dismiss the
cause, because more than six months had elapsed since the
speaking of the pretended testamentary words, and therefore
no testimony could be given to prove said will.

The Court sustained the motion and dismissed the cause,
and this decision is assigned as error.

MCKINLEY & BUCHANAN, for plaintiff in error.

R. W. SIMS, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The decision of the Ordinary against the will in this case, was taken by appeal to the Superior Court. Upon the trial on the appeal, the caveators moved to dismiss the cause, upon the ground, that six months having elapsed since the speaking of the pretended testamentary words, and the testimony to prove them not having been reduced to writing withing six days after the making of the alleged will, no evidence whatever could be received to set it up. The caveators below and here, relied upon the *20th section of the Statute 29th Charles II. ch.* 3, which is in these words: "after six months passed after the speaking of the pretended testamentary words, no testimony shall be received to prove any will nuncupative, except the said testimony or the substance thereof were committed to writing within six days after the making of the said will." 1 *Williams' Executors*, 65.

The plaintiff in error, not controverting this section of the Statute in its general application, or denying that its requirement had not been complied with in this case, and admitting that more than six months had transpired since the testamentary words were uttered, claims that the judgment of the Court sustaining the motion to dismiss was erroneous, because the *20th section of the Statute 29th. Charles II.* is repealed by our own Act of 1805, authorizing an appeal from the decisions of the Court of Ordinary. *Prince*, 238. This is the only point which he makes. His argument is, that the appeal, as a matter of necessity, carries the hearing of the cause beyond the six months; that before the expiration of the six months, he is allowed to prove the will, although the testimony was not reduced to writing within six days; that the appeal takes up the case, with every right which on the trial before the Ordinary belonged to the appellant, and as the first hearing was before the expiration of the six months at which time it was his right to prove the will, the appeal in this case carries with it

this right; and farther, unless this be conceded, the right of appeal is unavailing and a mockery. Now, such being the rights of the appellant, he insists upon it, that the Legislature in conferring them by the Act of 1805, did thereby repeal all anterior laws and parts of laws in conflict with them, among which is the *20th section of the Statute of 29th Charles.* Either then, says the learned counsel, this section is repealed, or the right of appeal granted by the Act of 1805, is a nullity. But we do not think that either of these conclusions are inevitable. On the contrary, we think that the *29th Charles* may stand, and with it, in every perceivable harmony, the Act of 1805.

The whole effect of the Act of *29th Charles*, is, by forbidding all evidence after six months, unless it is reduced to writing within six days, to establish the kind of evidence which should alone after that time, be competent to set up a nuncupative will—not exactly written evidence, but evidence which litterally or in substance has been reduced to writing within six days from the making of the will. It ordains a rule of evidence. Now the right of appeal, and the evidence by which the appellant's cause is to be supported, are very different things. Giving that right does not disturb the rules of evidence in the cause. Whether the party can sustain his case by legal testimony or not, his right to appeal is the same. In this and all cases, the appellant takes the risk of making out his case according to the rules of law which govern the trial. He is not obliged to appeal; and if he does, knowing that he cannot prove his cause by such testimony as the law requires, he acts unwisely, and cannot complain of consequences. With equal truth, it might be said that an appeal repeals the law of evidence in every case. With equal truth it might be said that because a party is entitled to appeal, a witness interested in the event of the suit may be sworn. The very same exclusion of evidence complained of here, might very well take place without an appeal; for if for any cause the caveat before the Ordinary is delayed in its hearing beyond six months, no testimony could be *then* received, which had

not been reduced to writing according to the provisions of the 20*th section 29th Charles.*

It is the duty of the Courts if possible to give effect to all laws, studiously avoiding the annulling of any. The appeal is in subordination to the law of evidence. And we see no conflict between the Act of 1805 and the 20*th section Statute 29th Charles II.* That section was enacted to prevent frauds and perjuries, perhaps more easily perpetrated and incurred in cases of this sort than any other. It is to be strictly construed, and is a most wise and salutary enactment.

Let the judgment be affirmed.