## THE QUEEN *vs.* LEONG MAN.

### EXCEPTIONS FROM THIRD CIRCUIT COURT.

HEARING, DECEMBER 23, 1891. DECISION, FEBRUARY 6, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

A juror is not disqualified to sit on a case of a Chinaman charged with selling opium, who says that Chinamen are not to be equally credited with a native Hawaiian or a white man, provided his other answers show that he will not disregard the testimony because it is from a Chinaman, and bears the impress of truth, but would weigh it without prejudice.

The objection to the juror being overruled, and exception taken thereto, he was not challenged peremptorily by the defendant, his peremptory challenges not being exhausted. Held, the exception avails him nothing.

Evidence of previous sales of opium is competent evidence to show that the witness knew defendant, and that he could procure opium from him.

### OPINION OF THE COURT, BY JUDD, C.J.

The defendant was convicted at the last September term of the Circuit Court, at Kau, Hawaii, of the offense of selling opium on the 22d January, 1891. Mr. C. Stone, who was drawn on the jury, was asked on the *voir dire,* " Do you believe that under our form of oath, Chinamen are equally to be credited with a

native Hawaiian or a white man?" He answered, "No, they
are not." Counsel then objected to Mr. Stone sitting on the
jury, on the ground of prejudice. The court then asked Mr.
Stone several questions which elicited the following: "I think
I could try a case where there is Chinese testimony, and weigh
the evidence without prejudice if it had the impress of truth;
but I have more confidence in a native's or white man's vera-
city. When a Chinaman is interested, I have not equal belief ·
in their veracity." This is the evidence in the bill of excep-
tions. The judge's notes are, by the bill, to be used as a part of
the case. Reference to these shows that the following must be
added to Mr. Stone's statements: "I would not throw out the
testimony because the witness was Chinese. I would have less
confidence in any witness interested than in one not interested.
I could have nearly equal confidence in native or Chinese evi-
dence if interested."

We think that the whole effect of Mr. Stone's answers shows
that he was not disqualified by prejudice against Chinese testi-
mony. A juror to be impartial is not oblidged to say that he
will give equal credence to every witness that testifies. And
when a juror says that where there is Chinese testimony, he
will weigh the evidence without prejudice if it has the impress
of truth, and would not discard it because it was Chinese, he is
not disqualified. Moreover, the defendant's counsel might have
challenged Mr. Stone peremptorily. He did not, and let the
juror be sworn, not having exhausted his peremptory challenges.
The following cases are authority for the position than an erro-
neous overruling of an objection to a juror avails nothing to the
defendant, if he does not finally exhaust his peremptory chal-
lenges: *Robinson vs. Randall*, 82 Ill., 521. *Sullings vs. Shakes-
peare*, 46 Mich., 408. *Burt vs. Panjaud*, 99 U. S., 180.

We therefore overrule the exception.

The next point is that the court admitted evidence of a wit-
ness to the effect that he knew that the defendant's business
was that of opium selling, and knew of sales of opium made by
him in January. The day on which opium was sold was laid
in the charge on the 22d January. The objection was made

that previous sales were not relevant to sustain the charge of selling on the 22d January.

The rule of law is well settled that " proof of other offenses may be admitted to prove *scienter* or guilty knowledge or to make out the *res gestae* or to exhibit a chain of circumstantial evidence of guilt in respect to the act charged." Wharton's Crim. Ev., Section 650.

And in this case the questions were allowed to be asked to show the previous acquaintance of the witness with the defendant, and to explain why he knew that defendant had the drug for sale, and went to him to buy it. The evidence was competent in this view.

We therefore overrule the exceptions.

### Partially Dissenting Opinion of Dole, J.

Upon the first exception, although there is sufficient in Mr. Stone's examination to support a strong argument against his qualification as a juror, yet the exception cannot be sustained, inasmuch, as noticed in the opinion of the court, the defendant did not challange Mr. Stone peremptorily, nor did he exhaust his peremptory challenges.

As to the exception to the admission of evidence of the defendant being in the opium business and of other sales of opium than the one charged, the general rule is that evidence of collateral and separate offenses is inadmissible to prove the act charged. There are exceptions to this rule, particularly where the intent with which an act was done is a part of the issue. For instance, on a charge of passing counterfeit money, evidence of the passing of counterfeit money at other times by the prisoner is admissible, and on a charge of counterfeiting, evidence that the prisoner is a professional counterfeiter is allowed, in both cases to prove guilty knowledge and intent.

The selling of opium, however, outside of the statutory limitations, must always be with an unlawful intent, and the intent is not therefore a part of the issue.

The strongest support to the introduction of this testimony exists in those cases where the issue is a question of adultery.

In such cases evidence of other acts of adultery, near the time of the one at issue, is admissible; but the principle of this exception to the rule appears be based on the ground that this offence is generally necessarily proved by circumstantial evidence, and that evidence of circumstances and acts unconnected with matter at issue may be admitted as circumstances tending to throw light upon the question at issue. *Thayer vs. Thayer*, 101 Mass., 113. While the proof of the possession and use of opium may often necessarily be by circumstantial evidence, the sale of the article is obviously usually proved by direct testimony. The authority, therefore, of *Thayer vs. Thayer* does not to my mind satisfactorily apply to this case.

The last ground for overruling this exception mentioned in the opinion of the court, *i.e.*, that the questions objected to were asked to show the acquaintance of the witness with the prisoner, and to explain how he knew that the latter had opium for sale, seems to be sufficient, if such evidence was necessary as a part of the *res gestae*, as the prosecuting officer argues it was. *Com. vs. Call*, 21 Pick., 515. It certainly seems to be a natural question to ask a witness in such a case, what was the business of the prisoner, but it seems to me that this line of examination should not have been followed out as it was, against the objection of the defendant's counsel, and that the court erred in allowing it.

*C. Creighton, Deputy Attorney-General*, for prosecution.

*V. V. Ashford* and *Paul Neumann*, for defendant.