## TERRITORY OF HAWAII *v.* WONG FEART.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED FEBRUARY 14, 1906. DECIDED FEBRUARY 28, 1906..

FREAR, C.J., HARTWELL AND WILDER, JJ.

STATUTE, TITLE OF—*concurrent jurisdiction.*

> The title of "An Act to Authorize Licenses for the Retail of Wines, Beers and Ales of Low Alcoholic Strength" is sufficient to authorize a section providing a penalty for violation of conditions expressed in licenses so authorized and conferring jurisdiction upon "all district magistrates to hear and determine all prosecutions authorized under the provisions of this act." This jurisdiction is not exclusive; circuit courts have jurisdiction of "all criminal offenses, cognizable under the laws of the Territory, committed in their respective circuits." Sec. 1647, R. L.

ID.—*charge of furnishing beer on premises—evidence indicating premises to which license referred—cross-examination, asking witness whether he had been drinking—other offenses—rebuttal.*

> The evidence showed that the beer was furnished, as charged, at the defendant's saloon. The refusal of the court to allow the

defendant, in cross-examining a witness, to inquire whether he had "been drinking before that day" in the saloon or at his home or elsewhere, although the questions, when renewed, were said to be asked in order to test the witness' memory; held: not error, there being no suggestion that the defendant proposed to show that the witness was under the influence of liquor.

The defendant having in direct examination testified that liquor had never been sold on Sunday in his saloon, the prosecution was allowed, in rebuttal, to show that the saloon had been known to be open and doing business on preceding Sundays; held: as the defendant claimed that he had not authorized furnishing beer on the Sunday charged, evidence of previous sales on Sundays was material and the evidence in rebuttal was properly admitted.

OPINION OF THE COURT BY HARTWELL, J.

The defendant was convicted upon an indictment which charged that on Sunday, February 28, 1904, when holding a license under Act 61 of the Laws of 1898, entitled "An Act to Authorize Licenses for the Retail of Wines, Beers and Ales of Low Alcoholic Strength," he furnished to one William Eke-kela at his place of business, set forth and described in said license, certain spirituous and intoxicating liquor, to wit, beer.

The defendant excepted to the overruling of his demurrer to the indictment, based upon the grounds (1) that the act (meaning the section 8 under which the prosecution is brought) is illegal in embracing more than one subject; (2) that the indictment does not charge an offense within the jurisdiction of the court, or (3) the commission of acts which constitute any offense under the laws of the Territory. It is contended that this is more than an act to authorize licenses; that it is an act to regulate the traffic of intoxicating liquors; that the two things are quite distinct, regulation of the traffic being more extensive than authorizing licenses; that a provision for prosecuting and punishing licensees "is neither necessarily nor reasonably included within the scope and meaning of the title;" that the present law, Act 67, 1905, entitled "An Act to Regulate the Manufacture and Sale," etc., in using the word "regulate," conforms to general usage in titles of acts which provide

for prosecution and punishment of those who violate their provisions. For this contention the following cases are cited: *Lauer v. State,* 22 Ind. 461, holding that "An Act to Regulate and License the Sale of Intoxicating Liquors, and Providing Penalties for the Violation Thereof" did not lawfully embrace a section relating to the jurisdiction of courts and of the practice therein for the prosecution of offenses, on the ground that the section "is not embraced by the title of the act nor properly connected with the subject matter of it;" *Commonwealth v. Frantz,* 135 Pa. 389, that "The Act to Prohibit the Issuing of Licenses to Sell Liquors" in certain boroughs does not lawfully include a section providing a penalty for sale of liquor in the boroughs, since "there is nothing in the title to give notice of such legislation." The rule which has the "greater weight of reason and authority" is that, "When an act of the legislature expresses in its title the object of the act, the title embraces and expresses any lawful means to achieve the object, thus fulfilling the constitutional injunction that every law shall embrace but one object, and that shall be expressed in its title." *San Antonio v. Mehaffy,* 96 U. S. 315. When the general purpose is declared in the title, the means for its accomplishment, being a penalty, will presume to be intended as a necessary incident. *Cohn v. People,* 149 Ill. 491. In "An Act to Provide for the Collection of the Special Taxes Imposed by Law on Dealers in Spirituous or Malt Liquors," the indictment for which it provides is only a means to the end for which it was passed. *Brown v. State,* 73 Ga. 38.

In *The King v. Fernandez,* 7 Haw. 505 (1888), this court held that "An Act to Better Prevent Illicit Traffic in Spirituous Liquors" was invalid in providing that the mere possession of liquor beyond a certain small quantity is unlawful. If incongruity between the title "Illicit Traffic" and the subject of possession had been the only thing to consider in that case, the conclusion would not be as obvious as when considered in connection with its making possession of liquor not merely evidence of an intention to sell but an offense per se. "This statute creates a new, distinct offense. The possession of liquor

without selling or intent to sell has hitherto been lawful. The possession without intent to traffic is not related to the offense of illicit traffic." Such an innovation in the penal law ought to be indicated clearly in the title. Acts for granting licenses to sell usually provide penalties for violating the conditions expressed in the licenses. Whether the title "To Regulate Sales" be more usual than "To Authorize Licenses to Sell" or not, the object of licensing sales of spirituous liquor is not merely to obtain revenue, but to regulate the traffic. Nor is the act objectionable in its provision in section 9 conferring jurisdiction "upon all district magistrates to hear and determine all prosecutions authorized under the provisions of this act." Circuit courts have jurisdiction "of all criminal offenses, cognizable under the laws of the Territory, committed within their respective circuits." Sec. 1647, R. L. Neither statute gives exclusive jurisdiction, the language used being common in statutes granting concurrent jurisdiction.

The next exceptions relate to the refusal of the court to strike out the evidence of the witness Ekekela on the ground "that it was not shown by the record that the saloon in which the witness alleged that he had been drinking was the saloon operated by defendant under the license in question."

The prosecution showed, by Sheriff Coney, that the defendant was the holder of a license which was proved and filed, to sell at Kapaa, District of Kawaihau, Island of Kauai, which, among other things, provided that no liquor other than that allowed by its terms should be sold or furnished "in the building or on the premises wherein the said licensee is authorized to sell;" that the sale should be "carried on only in one room fronting on the street on which the saloon is situated." The sheriff testified that he knew the Chinaman who actually operated the business under the license, who was the one who handed out the beer every time he went there to get a glass of beer; that the Chinaman he referred to had just stepped out from the room (obviously meaning the court room).

Ekekela next testified that he knew "the place in Kapaa, known as the Kapaa Saloon" where he went upon the day in

question to buy beer; three other persons, Cummings, Sheldon and Ticktum, having gone in while he was there; that the bar tender, with whom the witness was well acquainted, who had charge of selling the beer at that place and whom the witness had seen every day in the saloon behind the counter selling beer, sold him three bottles for one dollar, which the witness and the others drank there; that when the witness went into the saloon two Portuguese were there drinking beer; that he knew the defendant's saloon in Kapaa, which was the place where he had seen the license which was in evidence and shown to the witness.

This evidence shows that the saloon where the witness drank the beer was the one which the defendant used under the license. We do not sustain these exceptions. On the same subject the defendant excepted to the refusal to instruct the jury that the Territory must prove, beyond a reasonable doubt, "that the furnishing of the liquor as charged took place in the room used as the saloon," the court having, in place of that instruction, instructed the jury that "any room under the same roof with the saloon and used in carrying on the saloon business is to be considered as a part of the saloon premises." The defendant argues "that a saloon keeper, away from his business premises, is upon an equality with other citizens as regards the license law," and that if he sold in his own domicil, apart from the saloon, on Sunday, that would not have been a violation of the act or of the terms of the license, but the license expressly provides that no other liquor than that allowed by its terms "shall be permitted in the building or on the premises." The instruction was properly refused.

Exceptions were taken to the refusal of the court to allow the defendant, on cross examination of the witness for the prosecution, Cummings, to ask whether he had "been drinking before that day" in the saloon or at his home with Ekekela, or anywhere else, the defendant's attorney, after several times asking the question, finally saying, in renewing the questions, that he asked them for the purpose of testing the witness' memory. These exceptions are not sustained. We are not willing, in

any but clear cases of abuse of discretion, to reverse rulings of a judge limiting the extent of cross-examination. The defendant did not suggest that he proposed to show that the witness was under the influence of liquor and that the question whether he had been drinking was intended to introduce that inquiry. The refusal of the court to allow the questions does not "show its apparent determination to prevent an inquiry into the witness', Samuel Cummings, condition as to sobriety or drunkenness."

Exceptions 6, 7, 8 and 9, upon this subject, are not sustained. Exceptions 12 to 17 are taken to allowing the prosecution to introduce, in rebuttal, the evidence of one Haupuku, that upon preceding Sundays he had been in the defendant's saloon and known it to be open and doing business. The defendant, on direct examination, in answer to the question, "Has liquor ever been sold on Sunday in that saloon," had testified that it had not, and the rebutting evidence was presented to contradict this testimony. The defendant contends that the question as to previous Sundays was immaterial and that the testimony of the defendant that he had not sold on other Sundays could not be contradicted upon the rule that "a witness cannot be impeached as to immaterial matters, and that evidence in rebuttal of immaterial facts will not be received." The defendant's argument on this point is also directed to his claim that evidence is inadmissible to show other offenses than the one charged in the indictment.

It is claimed by the prosecution that in view of the defense that if beer, if furnished at all, was furnished by a person not authorized to do so and without the defendant's knowledge, evidence of long continued breaches of the law in that respect would tend to show that the furnishing on the day named was within the defendant's knowledge and consent.

The court instructed the jury that if upon all the evidence they were satisfied that the defendant was aware of the sale or furnishing at his place of business on other Sundays, and allowed it to be done, that would tend to prove his consent to the furnishing on the particular Sunday as charged, but if they

believed, upon the evidence, that he did not know of or consent to the furnishing on that day, and that it was done against his express orders, they should acquit. To this instruction the defendant excepted.

It was held in *The Queen v. Leong Man,* 8 Haw. 339 (1892), a charge of selling opium January 22, that evidence was properly admitted that the witness "knew that the defendant's business was that of opium selling, and knew of sales of opium made by him in January." The defendant excepted to the evidence on the ground "that previous sales were not relevant to sustain the charge of selling on the 22d January." The court overruled the exception, regarding the evidence as competent in showing "the previous acquaintance of the witness with the defendant, and to explain why he knew that the defendant had the drug for sale, and went with him to buy it." The evidence was properly introduced in rebuttal to contradict the defendant's testimony on a material point, and therefore we do not sustain the exceptions to its admission, to the refusal to strike it out or to the instruction to the jury above mentioned.

Ten of the exceptions are abandoned. We have sufficiently referred to the substance of the other exceptions, all of which are overruled.

*M. F. Prosser, Deputy Attorney General,* for the Territory.
*C. W. Ashford* for the defendant.