REID *et al. v.* WOOSTER *et al.*

ATKINSON, J. A nuncupative will must be proved by the oaths of three competent witnesses who were present at the making thereof; and the circumstances of the testamentary disposition must be reduced to writing within thirty days after the making of the same. Civil Code (1910), §§ 3925, 3926. Where three persons appeared before a magistrate and made oath that a certain decedent, in the time of his last sickness, called upon them to bear witness that the declarations he was about to speak were his will (or words to that effect), and two of them deposed that the decedent disposed of his entire estate in equal parts to two different people, and one of them deposed that the decedent disposed of one half to one of the named persons, but that he did not hear him make any statement with reference to the other half of his estate; and where, in

an application to probate such spoken words, the witnesses testified as was contained in their affidavits before the magistrate, it was not error to direct a verdict refusing such will to probate. *Harp* v. *Adams*, 142 *Ga.* 5 (82 S. E. 246), and citations.

(a) The provision of the Civil Code, § 3833, which declares: "If a will be legal in part and illegal in part, that which is legal may be sustained, unless the whole will so constitute one testamentary scheme that the legal alone can not give effect to the testator's intention; in such a case the whole will fails," refers to a will that has been properly attested, and has no application to a case like the present, where there was an effort to set up an alleged nuncupative will, when the necessary number of witnesses did not agree substantially upon the entire testamentary disposition.     *Judgment affirmed. All the Justices concur.*
SEPTEMBER 18, 1914.

Probate of will. Before John D. Humphries, judge pro hac vice. Clayton superior court. August 18, 1913.

*J. F. Golightly* and *O. J. Coogler*, for plaintiffs.

*N. F. Culpepper* and *J. W. Culpepper*, contra.