*H. H. Anderson,* contra.

---

## FELKER *v.* TAYLOR *et al.*

A nuncupative will must be proved by the oaths of three competent witnesses who were present at the making thereof; and the circumstances of the testamentary disposition must be reduced to writing within thirty days after the making of the same. Applying this ruling to the facts of this case, the court did not err in disallowing the amendment offered at the trial, and in sustaining the demurrer to the petition.

No. 5034.  JUNE 28, 1926.

Appeal.  Before Judge Tarver.  Whitfield superior court.  July 4, 1925.

Raymond Felker filed a petition in the court of ordinary of Whitfield County, on April 8, 1925, for probate of the nuncupative will of J. W. Nichols, deceased. To this petition a demurrer and a caveat were filed by Mrs. Mamie B. Taylor and others, alleging that they were entitled to the estate as distributees of the same under the law. Upon a hearing the demurrer was sustained, and an appeal was taken by the propounder to the superior court. When the case came on for a hearing, the propounder presented an amendment to the petition, which amendment was disallowed by the court upon objections made by the caveators; and the demurrer to the petition for the probate of the will was sustained. In the petition for probate it is alleged that J. W. Nichols, on March 2, 1925, prior to his death, made a nuncupative will, and that the will is attached to the petition and shown to the court. The will referred to is contained in the following writing:

"Georgia, Whitfield County.  Personally appeared before the undersigned officer J. C. Rollins, Jeffie Lockett, and Raymond

---

Wills, 40 Cyc. p. 1137, n. 81; p. 1138, n. 95; p. 1139, n. 4.

28

Felker, who having been duly sworn say: We were with Dr. J. W. Nichols during his last sickness at his residence on King Street, Dalton, Georgia, on March 2nd, 1925, a few days before his death on March 6th, 1925, when the said Dr. J. W. Nichols summoned Raymond Felker to his bedside on said date, March 2nd, 1925, and told us what disposition he wanted made of his property after his death, at which time the following conversation occurred: When Raymond Felker came into the room he, the said J. W. Nichols, looked up at him, saying, 'Raymond, I am not going to get well.' Raymond attempted to reassure him, without success. Dr. Nichols then said, 'I want Raymond—I want Raymond to have—' Dr. J. C. Rollins then asked the said Dr. J. W. Nichols what he meant— if he wanted Raymond Felker to have everything and he, Dr. J. W. Nichols, murmured 'uh hugh' and nodded his head. At the time this occurred he was in his right mind and conscious.

[Signed] J. C. Rollins, Jeffie Lockett, Raymond Felker.

"Sworn to and subscribed before me, this March 31st, 1925.

J. C. Black, Ordinary."

The amendment offered by the propounder was as follows: "That at the time the said J. W. Nichols, deceased, pronounced the nuncupative will as alleged and described in the original application for probate, he was of sound mind and memory and understood that he was making his will, that he announced to the witnesses present that he was going to make his will, and called upon Miss Jeffie Lockett to witness the same. Propounder further amends his application for probate by attaching thereto the affidavits by the witnesses to said will, showing the above-stated facts." The affidavits referred to in this amendment are as follows:

"Georgia, Whitfield County. Personally appeared before the undersigned officer J. C. Rollins, who having been duly sworn deposes and says, that at the time and just before J. W. Nichols, deceased, pronounced his nuncupative will as heretofore proven by the undersigned as one of the witnesses before the Honorable J. C. Black, Ordinary of Whitfield County, the said J. W. Nichols stated to deponent that he was making his will, having asked him, the said Nichols, if that was his intention."

"Personally appeared before the undersigned officer Jeffie Lockett, who having been duly sworn deposes and says that on March

2nd, 1925, when J. W. Nichols, deceased, pronounced his nuncupative will, which was witnessed as heretofore proven by her as one of the witnesses before the Honorable J. C. Black, Ordinary of Whitfield County, the said J. W. Nichols announced to deponent that he was going to make his will and desired her to witness the same."

These two affidavits were made by J. C. Rollins and Jeffie Lockett, respectively, and were duly attested. After the submission of this amendment the court held that the alleged nuncupative will as originally offered for probate "is not, as alleged, a testamentary disposition of the property of the deceased, and that such alleged nuncupative will can not be amended after the expiration of 30 days so as to show a testamentary disposition of the property of the deceased; and further that this amendment, if allowed, would not show such valid testamentary disposition." The court having disallowed the amendment and sustained the demurrer to the petition, the propounder excepted.

*C. D. McCutchen, F. K. McCutchen,* and *W. C. Martin,* for plaintiff.

*J. A. McFarland* and *W. M. Sapp,* for defendants.

BECK, P. J. (After stating the foregoing facts.) Section 3925 of the Civil Code in part reads as follows: "No nuncupative will shall be good that is not proved by the oaths of at least three competent witnesses that were present at the making thereof; nor unless it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, bear witness that such was his will, or to that effect; nor unless such nuncupative will was made in the time of the last sickness of the deceased." And in section 3926 it is further provided: "Application for probate of a nuncupative will must be made before the court within six months after the death of the testator, and the substance of the testamentary dispositions must be reduced to writing within thirty days after the speaking of the same." It is not controverted that the nuncupative will in this case was made in the time of the last sickness of the deceased. There were three competent witnesses to the same who were present at the time of the making thereof; and there is proof offered that at the time of pronouncing the same the testator did bid one of the persons present to bear witness that it was his will, "or to that effect."

The substance of the testamentary disposition, if what was said by the testator at that time amounted to a testamentary disposition, was reduced to writing within thirty days from the time the will was made. When the case came on for hearing in the superior court the propounder offered the amendment which is set forth above in the statement of facts. In that amendment it is alleged that the testator announced to the witnesses present that he was going to make his will, and called upon a named witness to witness the same; and attached to this amendment are affidavits of two witnesses showing additional circumstances not stated in the original application, which are essential to the making of a valid nuncupative will. But the contention was made before the trial court, in resistance to the application for probate of the will, that the additional circumstances attending the making of the will, set forth in these affidavits, should have been reduced to writing within thirty days after the making of the will; and this contention of the caveators was sustained by the court. Plaintiff in error insists that this holding of the court is error. We do not think so. The provisions in the statutes contained in our code relative to the making of nuncupative wills and the proof of the same were adopted for the same purpose as the provisions in the statute of frauds relating to the same subject. The 20th section of the statute of 29 Charles II, c. 3, has not been repealed in this State, and was not repealed by the act of 1805, as was held in the case of *Newman* v. *Colbert,* 13 *Ga.* 38, and no statute enacted by our General Assembly since that date has repealed it. The section just referred to is in these words: "After six months passed after the speaking of the pretended testamentary words, no testimony shall be received to prove any will nuncupative, except the said testimony or the substance thereof were committed to writing within six days after the making of the said will." And in the comparatively recent case of *Reid* v. *Wooster,* 142 *Ga.* 359 (82 S. E. 1054), it was held: "A nuncupative will must be proved by the oaths of three competent witnesses who were present at the making thereof; and the circumstances of the testamentary disposition must be reduced to writing within thirty days after the making of the same. Civil Code (1910), §§ 3925, 3926." See, in this connection, 28 R. C. L. 158, and the case of Estate of Grossman, 175 Ill. 425 (51 N. E. 750, 67 Am. St. R. 219). Applying what was

said in the cases of *Newman* v. *Colbert* and *Reid* v. *Wooster,* supra, the court properly disallowed the amendment which was offered at the trial, which contains the averment that at the time of the making of the will the alleged testator announced to the witnesses present that he was going to make his will and called upon Miss Jeffie Lockett to witness the same. The circumstances contained in this recital quoted from the amendment should have appeared in writing purporting to contain the substance of the testamentary disposition that is required to be reduced to writing within thirty days, and evidence to establish these circumstances of the testamentary disposition will not be received where the circumstances themselves had not been reduced to writing within the period of thirty days. The ruling of the court below was in accordance with the provisions of that part of the statute of 29 Charles II to which we have referred, and with the decisions in the two cases which we have cited. Consequently we are of the opinion that the court did not err in disallowing the amendment and sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Beck, P. J., dissenting.*

BECK, P. J. In the foregoing opinion the writer has set forth the views of the majority of the court, but has himself reached a different conclusion, and, after careful consideration of the questions involved, is compelled to adhere to it. In regard to nuncupative wills, in section 3926 of the Civil Code it is provided that "Application for probate of a nuncupative will must be made before the court within six months after the death of the testator, and the substance of the testamentary dispositions must be reduced to writing within thirty days after the speaking of the same." In the case before us it seems to me that the section quoted has been fully complied with. Application for probate of the will was made within the six months period, and "the substance of the testamentary dispositions was reduced to writing within thirty days after the speaking of the same." But the contention was made before the trial court, in resistance to the application for probate of the will, that the additional circumstances attending the making of the will set forth in the affidavits should have been reduced to writing within thirty days after the making of the will; and this contention of the caveators was sustained by the

court. While the provisions in the statutes contained in our Code, relative to the making of nuncupative wills and the proof of the same, were adopted for the same purpose as the provisions in the statute of frauds relating to the same subject, I do not think that the clear and unequivocal requirement in our statute, that "the substance of the testamentary dispositions must be reduced to writing within thirty days after the speaking of the same," can be extended so as to include all of the attending circumstances; such, for instance, as that the testator did bid the persons present, or some of them, bear witness that such was his will. Nor was the fact that the testator was at that time of sound and disposing mind and memory any part of the "substance of the testamentary dispositions," and to be reduced to writing within thirty days. In the case of *Reid* v. *Woosler,* 142 *Ga.* 359, it was held that "A nuncupative will must be proved by the oaths of three competent witnesses who were present at the making thereof; and the circumstances of the testamentary disposition must be reduced to writing within thirty days after the making of the same. Civil Code (1910), §§ 3925, 3926." While the expression, "circumstances of the testamentary disposition," is here used, an examination of what follows that ruling in the case last referred to will at once disclose that the expression, "the circumstances of the testamentary disposition," is used in the same meaning as the expression, "the substance of the testamentary dispositions," is used in the statute, and not intended to embrace the facts and circumstances set forth in these affidavits attached to the amendment which was rejected. No doubt the main purpose of requiring that the substance of the testamentary disposition made by the testator should be reduced to writing within thirty days was to prevent such a lapse of time as would cause the witnesses to forget the exact disposition made by the testator of his property. But there is no more reason why the fact that the testator was of sound and disposing mind and memory should be reduced to writing within thirty days than that such a fact should have been reduced to writing in the case of an ordinary will. Witnesses are no more apt to forget the facts showing the condition of the testator's mind at the time of the execution of a nuncupative will than they would be to forget the condition of the testator's mind in the making of a will regularly executed in the ordinary way. I do not overlook the

fact that nuncupative wills are not favored by the law. Nevertheless, when made under the circumstances provided for in the statute and duly reduced to writing and duly proved, they are to be given effect. I am authorized to say that the Chief Justice concurs in this dissent.