WILHELM A. ANDERSEN, ET AL., *v.* CHARLES N. ARNOLD, MAYOR OF THE CITY AND COUNTY OF HONOLULU, ET AL.

No. 1804.

ARGUED AUGUST 20, 1928.      DECIDED SEPTEMBER 1, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a proceeding in mandamus, the purpose of which is to compel the respondents, who are officials of the City and County of Honolulu, to establish a business district within a certain described area located in Kaimuki, City and County of Honolulu. Upon the filing and presenting of the petition the court below issued an alternative writ commanding the respondents to esablish said business district or to appear on a specified date and show cause why they should not do so. The respondents demurred to the alternative writ upon several grounds. The demurrer was overruled and the respondents were granted an interlocutory appeal to this court.

All of the grounds of demurrer are general in their nature and the questions presented for our determination may be considered under the first, which is "that the allegations in said alternative writ do not state or constitute a cause of action that authorizes or entitles the petitioners to the remedy sought and mentioned in said alternative writ."

The following are substantially the material averments of the alternative writ: The petitioners are the several owners in fee simple of lands located in Kaimuki aggregating 27,873 square feet. This area is within the boundary lines of a larger area of 298,320 square feet. With the exception of the 27,873 square feet owned by the petitioners the property located within the boundary lines described in the alternative writ is owned by other persons. On or about the 13th day of December, 1926, a certain ordinance numbered 313, a copy of which is attached as

an exhibit to the writ, was duly enacted and was approved by the mayor of the City and County of Honolulu. On or about the 12th day of May, 1927, the petitioners herein, by a written petition bearing their signatures, requested the city planning commission of the City and County of Honolulu to declare the area of land consisting of 298,320 square feet and comprised within the boundaries already described in the petition to be a business district. Their petition was accompanied by and had attached to it the signatures of "eighty-five per cent of the property owners" within a radius of four hundred feet from the center of the proposed business district, giving their written consent to and petitioning that said proposed business district be established as a business district in accordance with the provisions of said ordinance numbered 313. After the petition had been filed and presented to the planning commission, the commission, acting in accordance with ordinance 313, gave the necessary notices by posting and publication of the date when a public hearing would be had on the petition and such hearing was had and thereafter the commission recommended to the mayor and the board of supervisors that the said proposed business district should not be established, giving as its reasons that the present business district of Kaimuki was only occupied to the extent of fifteen per cent by business houses and that the proposed new business section was neither logical nor desirable for the development of the Kaimuki district. After this recommendation of the planning commission the petitioners appeared before the mayor and the board of supervisors requesting them to pass an ordinance establishing said business district but they (the mayor and the board of supervisors) "arbitrarily, capriciously, unlawfully, and against the rights of your petitioners, neglected and refused to set aside and establish said proposed business district, and still neglect

and refuse to set aside and establish the same, without assigning any reasons therefor."

It is first contended by the respondents that there is no averment in the alternative writ that *all* the owners of property within the boundaries of the proposed district petitioned for or otherwise consented in writing to the establishment of the district and that without such averment the alternative writ states no ground upon which the relief prayed for can be granted.

It is true that the writ contains no such averment. It does, however, contain an averment that eighty-five per cent of the property owners within a radius of four hundred feet of the center of said proposed business district gave their written consent and petitioned that such district be established. It is contended by the petitioners herein that this is sufficient under the provisions of ordinance 313. That portion of section 2 of the ordinance which relates to this phase of the case is as follows: "Section 2. The revised ordinances, City and County of Honolulu, 1923, are hereby amended by adding five new sections to be known as Section 124, Section 124-A, Section 124-B, Section 124-C, and Section 124-D, to read as follows: Section 124. Whenever the owners of property in the residential district desire to have it set aside as a business district, or as a hotel and apartment district, or as a club district, or to have it revert to the residential district, such persons shall obtain the consent of the owners of seventy-five per cent (75%) of the property within a radius of four hundred (400) feet of the center of the proposed district. Such consent shall be endorsed upon a petition form furnished by the city planning commission. Such petition shall set forth all requisite facts and shall be filed with the city planning commission. At the same time there shall be paid to the treasurer of the City and County of Honolulu by the owners desiring to establish

such district the sum of one hundred dollars ($100.00) to cover the cost of publishing and posting notice of hearing hereinafter provided for. In addition to the consent above provided for, it shall be necessary to secure the consent of all adjacent property owners in order to set aside club districts."

It is clear from the quoted portion of the ordinance that all the owners of property within the proposed business district must unite in a petition to have such district established before the municipal authorities can take affirmative action. The ordinance is not susceptible of any other reasonable grammatical construction. The word "it" in the second line of the quoted portion of the ordinance manifestly refers to the property owned by the persons who desire to have their property converted into a business district and not to the residential district in which the property which it is desired to have converted into a business district is located. It is just as if the ordinance provided that whenever the owners of property located within the residential district of Honolulu desire to convert their property into a business district they may institute proceedings to do so provided they all join in a petition for that purpose and provided further that they obtain the written consent of seventy-five per cent of the owners of property within a radius of four hundred feet from the center of the property which it is desired shall be changed from a residential to a business district.

It does not appear from the alternative writ that the owners of all the property within the proposed business district petitioned for the establishment of the district. On the contrary it affirmatively appears that those who joined in the petition that was filed with the planning commission and who later presented the matter to the mayor and board of supervisors were the owners of only 27,873

square feet of the proposed district, which district consisted of 298,320 square feet.

The alternative writ, for this reason alone, fails to state a case authorizing the peremptory writ of mandamus. It requires no argument to show that public officers cannot be compelled to do something which they have no authority to do.

It is contended by the petitioners herein that even conceding that the respondents cannot be compelled to establish as a business district the entire area of 298,320 square feet they should nevertheless be compelled to establish as such district the smaller area of 27,873 square feet, alleged to be owned by the petitioners. This contention cannot be sustained for the obvious reason that no petition was presented to the municipal authorities requesting the establishment of the smaller area as a business district.

Under the ordinance the filing of the petition with the planning commission describing the proposed district is indispensable to the establishment of the district. Unless such petition is filed neither the commission nor the mayor and board of supervisors have any authority to establish the district.

It is contended by the respondents that in any event it is discretionary with the municipal authorities whether they establish a business district within a residential district and that in the absence of an averment and proof of facts that this discretion has been fraudulently exercised or otherwise abused the court is without power to review their action. In reply to this the petitioners claim that even conceding that this discretion is reposed in the planning commission and the mayor and board of supervisors the petitioners are nevertheless entitled to the relief prayed for for the reason that such discretion, under the terms of the ordinance, is unlimited and therefore the ordinance

is unconstitutional. We think we should not now decide this question. The case clearly can be disposed of on the grounds we have already discussed and it is not necessary to pass on the constitutionality of the ordinance. "The court will not pass upon a constitutional question and declare a statute to be invalid unless a decision upon that very point becomes necessary to the determination of the cause. *King* v. *Young Tang,* 7 H. 49, 61 (1887); *Prov. Govt.* v. *Caecires,* 9 H. 522, 525 (1894); *Schoening & Co.* v. *Miner,* 22 H. 196, 202 (1914)." Thayer's Haw. Dig. 138.

The ruling appealed from is reversed and the case remanded with instructions to the circuit judge to sustain the respondents' demurrer.

*W. B. Pittman* (also on the brief) for petitioners.

*C. E. Cassidy,* Deputy City and County Attorney (also on the briefs), for respondents.