## ROBINSON *v.* JONES.

No. 6115.  September 15, 1928.

Carl T. Hudgins, B. H. Burgess, and Thomas J. Lewis, for plaintiff in error.

William Attaway, H. B. Moss, and Scott Candler, contra.

HINES, J. ■ The 20th section of the statute of 29 Charles II, c. 3, which provided, that, "After six months passed after the speaking of the pretended testamentary words, no testimony shall be received to prove any will nuncupative, except the said testimony or the substance thereof were committed to writing within six days after the making of the said will," is not now of force in this State. This section was repealed and superseded by the adoption of the Code of 1861 (§ 2447 et seq.), the provisions of which have been embraced in all succeeding Codes. Code of 1910,

§ 3925 et seq. The ruling in *Newman* v. *Colbert,* 13 *Ga.* 38, was made prior to the adoption of the first Code, and was based upon the law as it then stood. The decision in *Felker* v. *Taylor,* 162 *Ga.* 433 (134 S. E. 52), was not by a full bench; and the statement in the opinion in that case to the effect that the above section of the statute of frauds is still of force in this State is disapproved.

■ It is essential to the validity of a nuncupative will that the testator should, at the time of pronouncing the same, communicate to some of the persons present his intention to make such a will, and in some way request them to bear witness that the statements about to be made are intended as a will. *Sampson* v. *Browning,* 22 *Ga.* 293; *Scales* v. *Heirs,* 118 *Ga.* 93 (44 S. E. 857). The evidence fails to disclose that the maker of the alleged nuncupative will communicated to some of the persons present her intention to make such a will, and in some way requested them or some of them to bear witness that the statements about to be made were intended as her will.

■ On the hearing of an application for the probate of an instrument as a nuncupative will, there must be a substantial concordance of the testimony of the witnesses by whom it is sought to prove the will with the spoken words of the decedent as reduced to writing; and failing in this regard, the will is invalid and should not be probated. *Harp* v. *Adams,* 142 *Ga.* 5 (3) (82 S. E. 246); *Reid* v. *Wooster,* 142 *Ga.* 359 (82 S. E. 1054).

■ Applying the foregoing rulings, the trial judge erred in not granting a new trial. This makes it unnecessary to deal with other assignments of error.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., dissenting. The evidence quoted in the statement of facts was sufficient to authorize the jury to find that there was compliance with the statute. Civil Code (1910), § 3925. The statute requires that the evidence show that the testator "did bid the persons present, or some of them, bear witness that such was his will, or to that effect." The evidence did not show that the testatrix expressly "bid the persons present, or some of them, to bear witness" that the stated disposition of her property was her "will," *but it shows that in "effect" she "bid the persons present or some of them"* (*the three*

*witnesses to whom the testamentary words were directly spoken*) *that such was her will.* The facts differ from those involved in *Sampson* v. *Browning, 22 Ga. 293,* cited and mainly relied on by the majority. In that case the person did not in "effect" call upon any one to bear witness that he was making a will. *He acted on the suggestion of another,* and his actions did not authorize an inference of a call for any one present to bear witness that he was speaking his will.