By the Court.
 

 The relator filed in this court a peti
 
 *383
 
 tion in mandamus, alleging its corporate capacity and authority to lend money, the official status of the respondent, and that it is the legal holder and owner of three chattel mortgages, the first on one automobile, the second on two automobiles and the third on an automobile and other personal property, that the relator presented to the respondent true copies of the three chattel mortgages, tendering the necessary and legal filing fees, and that the respondent refused to file the mortgages in his office as county recorder. Relator prays that a writ of mandamus be issued commanding the respondent to file and index the mortr gages in his office and otherwise comply with the law regarding them.
 

 The writ of mandamus will issue only to compel the performance of a duty specifically enjoined by law. Relator contends that the pleaded facts entitle it to a peremptory writ to compel the filing of the instruments under Sections 8560 to 8572, inclusive, General Code.
 

 This court will take judicial notice of the general laws of the state.
 
 Mason, Commissioner of Insolvents,
 
 v.
 
 Montgomery,
 
 Wright, 722. Section 6290-9, General Code, effective January 1, 1938, specifically provides that the provisions of Sections 8560 to 8572, General Code, dealing with the depositing, filing and indexing of chattel mortgages by the county recorder, shall never be construed to apply to a chattel mortgage covering a motor vehicle, and that such chattel mortgage shall be presented to the clerk of courts in order to have a notation of a lien made on the face of a certificate of title to a motor vehicle.
 

 There being no statutory duty now imposed upon the county recorder to receive and file a chattel mortgage covering a motor vehicle, a writ of mandamus will not be issued upon the facts pleaded in this case.
 

 Although relator in brief and oral argument chai
 
 *384
 
 lenges the constitutionality of Section 6290-9, General Code, no such issue is tendered by the petition.
 

 The demurrer to the petition will be sustained, and leave will be granted relator to plead further within twenty days.
 

 Demurrer sustained.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.