## ANNIE ADAMS *v.* ELLA KLEIN.

## No. 2754.

ARGUED APRIL 14, 1949.                    DECIDED APRIL 20, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* On March 11, 1949, the defendant-appellee (hereinafter called the defendant) filed a motion to dismiss the appeal herein, brought from the district magistrate of Honolulu on points of law under section 9501, Revised Laws of Hawaii 1945, and to remand the case for trial of the issues of fact not heretofore determined.

From the record sent up it appears that the plaintiff-appellant (hereinafter called the plaintiff) brought an action of assumpsit in the district court of Honolulu against the defendant for rent claimed by the plaintiff as landlord from the defendant as tenant for the months of September, October and November, 1948. On December 13, 1948, the defendant filed a document entitled "Plea in Bar" in the district court. Therein defendant admitted tenancy but disputed the rental agreement, claiming, in substance, payment to plaintiff of an amount sufficient to meet her obligation beyond the months in question. The defendant further raised an issue of misrepresentation of fact by the plaintiff; also that there was a valid ordinance of the City and County of Honolulu controlling rentals for housing accommodations; that on a landlord petition the administrator of the rent control commission, under the ordinance, had fixed the ceiling of defendant's apartment in the same amount that the defendant (tenant) had agreed to pay and had paid; and that as to all other

matters in the plaintiff's complaint not otherwise confessed, denied or answered, the "defendant denies the same."

On January 29, 1949, plaintiff filed a document in the district court entitled "Traverse to Plea in Bar," in which plaintiff *inter alia* admits receiving payment of moneys .from the defendant in a total amount that would fully liquidate the rental due if defendant's version of the agreement should be approved in fact; but the plaintiff denies defendant's version of the contract and, in addition, attacks the constitutionality and validity of the rent control ordinance as amended; and the plaintiff further denies all other allegations of the plea in bar.

On February 3, 1949, the district magistrate, solely on the pleadings, "gave judgment for the Defendant and against the Plaintiff." The magistrate certified that an appeal from said judgment was duly noted by the plaintiff to the supreme court on points of law and that said appeal has since been duly perfected. But the magistrate indicated no decision on any issue of fact or law. Nevertheless, the certificate of appeal recites as a point of law, relied upon on appeal: "That Ordinance 941 which was set up by defendant as a defense to plaintiff's action is void, illegal, unconstitutional and of no effect for the following reasons." Then follows a detail of reasons assigned. But it nowhere appears in the certificate what issues of fact or law were decided by the magistrate.

In defendant's motion he alleges that said appeal "prematurely or unnecessarily presents to the Supreme Court a question of the validity of a municipal ordinance, the determination of which question may not be necessary to the disposition of the case presented before the District Magistrate of Honolulu." The motion is based on the records and files herein and on the affidavit of counsel attached to and made a part of the motion.

By said affidavit it is shown that on the appearance of the parties and their counsel before one of the magistrates of Honolulu on February 3, 1949, the said magistrate "rendered a summary decision in favor of Defendant-Appellee when counsel for Plaintiff-Appellant indicated that Plaintiff-Appellant would ask the District Magistrate to pass on the constitutionality of Ordinance 941 (as amended) of the City and County of Honolulu; that although so requested to do by Defendant-Appellee, the District Magistrate did not see fit or did not believe it necessary to try the issues of fact raised by the pleadings before him."

Under the record brought up before this court, it is apparent that there are several issues of fact which have never been decided below. Some of them are: what the actual agreement of rental was between plaintiff and defendant; whether the moneys admittedly received by the plaintiff adequately liquidated the rental agreed by the parties for the months in question; whether plaintiff was estopped to raise the question of invalidity of the ordinance. Only after a decision by the magistrate in favor of the plaintiff upon all the factual issues raised by the pleadings would a decision on the validity or constitutionality of the ordinances become indispensable if he then turned to a final decision in favor of the defendant.

It has long been the established ruling of this court that it "will not pass upon a constitutional question and declare a statute to be invalid unless a decision upon that very point becomes necessary to the determination of the cause."[1]

Section 9501, under which this appeal is brought, pro-

---

[1] Anderson v. Arnold, 30 Haw. 526, 532 (citing cases). The same rule is followed in the United States Supreme Court: Spector Motor Co. v. McLaughlin, 323 U. S. 101, 105; United States v. Petrillo, 332 U. S. 1, 10.

vides for an appeal "solely upon points of law from a *decision* of a district magistrate" and "such appeal upon points of law may be made either to the circuit court of the same circuit, or to the supreme court, at the option of the party appealing * * *"[2] (emphasis added). If the certificate of the magistrate under the rule of this court fails to set out succinctly his own decision on issues of fact and law, this court cannot indulge in conjecture as to the basis of his judgment nor as to the indispensability of deciding the validity of an ordinance in order to uphold it. What the magistrate's decision was should clearly appear in the certificate.[3]

Nowhere in the record submitted by the plaintiff does it appear that the magistrate made any *decision* on several issues of fact and law or that it was such that any ruling on the validity or constitutionality of the ordinances in question was indispensable to the judgment entered in favor of the defendant. On the contrary, it now appears by the affidavit filed with the motion that the judgment for the defendant was summarily entered by the magistrate without a trial of the facts primarily at issue. The defendant, in whose favor the judgment was given, now seeks to take no advantage of said judgment but, on the contrary, confesses that the magistrate erred in dispensing with a trial of the issues. She asks that the appeal be dismissed and the record be remanded for a trial of the facts, in which event a decision on the constitutionality and validity of the ordinances may not be necessary.

The motion of the defendant is granted. The appeal is dismissed and the cause, inclusive of the records of the district court, remanded to that court with instructions to set aside and vacate the judgment for the defendant here-

[2] See also Rule 13 of this court.
[3] See Rep. Haw. v. Kanalo, 11 Haw. 435, 437.

tofore entered, proceed with a hearing of the evidence and trial of the facts under the issues in the pleadings, render such decision or decisions thereon as may be proper and. enter judgment accordingly.

*W. B. Stephenson,* of *Heen, Kai & Stephenson,* for the motion.

*F. Schnack* contra.