TERRITORY OF HAWAII *v.* ROY C. KELLEY.

Nos. 2743 AND 2744.

SUBMITTED JUNE 4, 1949.          DECIDED JUNE 7, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an interlocutory bill of exceptions to the order of the trial judge overruling demurrers in two criminal cases wherein the defendant is charged with misdemeanors in violation of section 7-A of ordinance number 941 of the City and County of Honolulu.

The specification of errors solely challenges the trial court's "jurisdiction of the complaints herein" on the ground that the ordinance is invalid and void.  But this ground as a matter of law presupposes that the trial court

had jurisdiction of the subject matter, otherwise the court would not be competent to pass upon the validity of the ordinance alleged to have been violated. In correlation, the grounds of demurrer do not assert that the trial court at the time did not have jurisdiction of the offenses and of the person of the defendant. Hence the ground of invalidity does not support the challenge but, on the contrary, operates to nullify any efficacy it may have. Further, there is no merit in the challenge itself, the trial court having jurisdiction of all criminal offenses cognizable under the laws of the Territory and those causes that may be properly before it on appeal from any other court according to law (see R. L. H. 1945, § 9647) or, as in this case, those criminal causes committed to it by the district court on demand for a jury trial (see R. L. H. 1945, § 9676). Consequently, the challenge of jurisdiction premised as it is upon a ground presupposing jurisdiction is frivolous, and this state of affairs extends to the contentions upon which the ground of invalidity is posited.

One contention advanced for the invalidity of the ordinance is its alleged inconsistency and conflict with chapters 133 and 169 of Revised Laws of Hawaii 1945, dealing generally with licenses and liens, respectively. But the ordinance specifically is one "to regulate rents" as an exercise of the power conferred upon the board of supervisors of Honolulu by the legislature (see R. L. H. 1945, § 6521, par. 4) and neither chapter purports to embrace that subject, much less to embrace it exclusively and uniformly for either Honolulu or the Territory. Nor does the ordinance in any way "tend to defeat the intent or object" of any provision of the chapters. (R. L. H. 1945, § 6521, par. 48.) Rather, it supplements them. There is thus no inconsistency or conflict between the ordinance and the chapters and hence no merit in the contention.

The remaining contentions attack the constitutional-

ity of the ordinance. But these contentions were not voiced below, nor are they presented to this court with sufficient factual background to raise judicable questions to be determined. (See *Adams* v. *Klein,* 38 Haw. 346.) Moreover, no question of constitutionality of the ordinance was raised by the demurrers or called to the attention of the trial court and ruled upon, nor has any failure to rule been preserved by proper exceptions. No such question, therefore, can be properly raised for the first time in this court. (See *Zehender & Factor* v. *Murphy,* 386 Ill. 258, 53 N. E. [2d] 944; *New York Life Ins. Co.* v. *Breen,* 227 Iowa 738, 289 N. W. 16; *Ward* v. *Leche,* 189 La. 113, 179 So. 52, *State ex rel City Loan & Savings Co. of Wapakoneta* v. *Taggart,* 133 Ohio St. 382, 14 N. E. [2d] 10; *Union Land Associates* v. *Ussher,* 174 Ore. 453, 149 P. [2d] 568.)

The specification of errors to the trial court's jurisdiction is in the opinion of this court devoid of merit.

Exception overruled.

*A. K. Trask* (also on the briefs) for defendant.

*C. M. Hite,* Public Prosecutor, and *M. Chan,* Assistant Public Prosecutor (*M. Chan* only on the brief), for the Territory.