## TERRITORY OF HAWAII *v.* EULALIO GAUDIA.

## NO. 3017.

Argued June 15, 1955.                     Decided September 30, 1955.

### Towse, C. J., Stainback and Rice, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

This cause is before the court upon an interlocutory appeal from an order denying the Territory of Hawaii's motion for a mental examination of the defendant.

The defendant below was indicted for murder in the first degree and, upon arraignment, a plea of not guilty was entered on his behalf. The Territory thereupon moved for a mental examination of the defendant under the provisions of section 10826, Revised Laws of Hawaii 1945, as amended by Act 166, Session Laws of Hawaii 1953, alleging *inter alia,* that it desired to determine his present mental condition and the existence of any mental disease or defect which would affect his criminal responsibility.

The motion was denied upon the ground that such an examination "would violate the accused's right against self-incrimination as guaranteed by the Fifth Amendment of the Constitution of the United States," the trial judge concluding that the statute was enacted for the benefit of defendants, and that "Its main purpose was to offer a

man charged with crime an opportunity to have made available to him psychiatric tests at the expense of the Territory, but on claiming a constitutional privilege, the court would not permit the examination."

The Territory's interlocutory bill of exceptions, being found conformable to the truth, was allowed, signed and certified by the trial court. The specifications of error assert that the denial of the motion constituted an abuse of discretion by the trial court.

This contention presents but a single question for determination, *viz:* Did the trial court abuse its discretion in refusing to permit a mental examination of the defendant upon the Territory's motion pursuant to section 10826, Revised Laws of Hawaii 1945, as amended by Act 166, Session Laws of Hawaii 1953?

That section, in its pertinent parts, provides:

"* * * *Examination as to sanity of person indicted for felony.* Whenever a person has been indicted for a felony by a grand jury, the judge of the court in which such person is to be tried for such offense may, in his discretion, before any trial on the criminal charge, cause such person to be examined by the psychiatrist or any designated psychiatrist of the territorial hospital or the director of the bureau of mental hygiene and by two additional unbiased physicians who in the opinion of the judge are qualified as examiners in insanity, with a view to determine the mental condition of such person and the existence of any mental disease or defect which would affect his criminal responsibility. * * *"

The constitutionality of the statute is not before us inasmuch as no constitutional right has been infringed by the trial judge which would necessitate a decision upon this issue. This court has consistently followed the rule that "courts will not pass upon the validity of a statute in any case unless it is necessary to a decision of the case

so to do." (*Schoening & Co.* v. *Miner*, 22 Haw. 196, 202, 203; *Territory* v. *Kelley*, 38 Haw. 433; *Territory* v. *Sakanishi*, 36 Haw. 661; *Territory* v. *Reyes*, 33 Haw. 180; *Territory* v. *Miguel*, 18 Haw. 402.) Moreover, neither the Territory nor the defendant asserts the unconstitutionality of the statute. (See *Territory* v. *Kelley, supra; Territory* v. *Reyes, supra.*)

By the explicit wording of our statute, the authority to permit or deny such a mental examination as sought therein is vested in the absolute discretion of the trial judge. The legislative history of our statute confirms this conclusion. As originally drafted, section 10826, *supra,* provided that a mental examination of a person indicted for a capital offense be ordered *upon his plea of insanity.* The legislature amended this proviso by permitting such mental examination to be ordered *in the discretion of the trial judge* and not upon a special plea of insanity. The report of the Judiciary Committee to which the original Senate Bill No. 151 was referred contains the following language:

"We regard Section 15 objectionable from a technical legal standpoint in some minor respects. Provision is made for the examination of an indicted person for a capital offense upon his plea of insanity. The provisions of our law as to criminal procedure do not require the defense of insanity to be specially pleaded. It would therefore be necessary to make provision for such defense to be specially pleaded, or permit the examination contemplated by this Section in the discretion of the court without regard to the character of the plea. Your Committee suggests the latter expedient, and therefore recommends that said Section 15 be amended by striking out the words 'and in defense shall plead his insanity or mental irresponsibility' as the same appear in lines 3 and 4 of said

Section." (Senate Journal, 13th Legislature; Reg. Sess. 1925, p. 644.)

It is apparent from the foregoing that *absolute discretion* is vested in the trial judge under the provisions of our statute. An illuminating definition thereof is found in *Neal* v. *State,* 214 Ind. 328, 14 N. E. [2d] 590, 593: "Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done. * * * Discretion does not mean absolute or arbitrary power. It must be exercised in a reasonable manner, and not maliciously, wantonly, or arbitrarily to the wrong and injury of another. This is the rule applicable to courts while acting within their jurisdiction and legal scope or their powers fixed by law. * * * Where a discretionary power is vested in a lower court, there must be a plain abuse of such power to the prejudice of the complaining party, in order to warrant the interference of this court on appeal."

The exercise of judicial discretion is subject to review for abuse (*Territory* v. *Kobayashi,* 25 Haw. 762); nevertheless, any discretionary act, exercised reasonably, will be sustained upon review, in the absence of a clear showing of abuse of that discretion. This rule has been applied in this jurisdiction to the discretionary acts of the trial court in the admission or exclusion of testimony (*The King* v. *Paakaula,* 3 Haw. 30), in the selection and impaneling of jurors (*Provisional Government of the Hawaiian Islands* v. *Gertz,* 9 Haw. 288), in deciding upon the competency of a child as a witness (*Republic of Hawaii* v. *Ah Wong,* 10 Haw. 524), in ruling upon the extent of allowable cross examination (*Territory* v. *Wong Feart,* 17 Haw. 353), in discharging a jury and declaring a mistrial (*Territory* v. *Cabrinha,* 24 Haw. 757), and in regulating the order of receiving evidence and of proof (*Territory* v. *Kobayashi,*

25 Haw. 762; *Territory* v. *Kimbrel,* 31 Haw. 81).

The denial of the order seeking a mental examination of a defendant with which we are here concerned is, by statute, a matter of judicial discretion and is governed by the same principles. (*Neely* v. *U. S.,* 150 F. [2d] 977.) In the *Neely* case, *supra,* the statute under consideration provided that "* * * whenever a person is indicted or is charged by an information for an offense, and before trial or after a verdict of guilty, *prima facie* evidence is submitted to the court that the accused is then insane, the court may cause a jury to be impaneled * * * to inquire into the insanity of the accused * * *." (D. C. Code § 927 [1901], D. C. Code § 24-301 [1940].) The ultimate question was whether the court abused its discretion in denying the mental examination. In that case, evidence of the defendant's reckless, impudent and brutal nature as a youth, an affidavit of his brother that he was "not in his right mind," and the defendant's testimony at one hearing that he was not presently of sound mind and his intelligent and responsive answers at a previous hearing were all entered of record. The appellate court, in finding that there was no abuse of discretion shown in the refusal to grant a mental examination, stated: "It cannot be seriously contended that the evidence before the court in the present case was sufficient to establish the fact of insanity under any definition of the word. The purpose of the statute is to prevent the infliction of punishment upon a person so lacking in mental capacity as to be unable to understand the nature and purpose of the punishment. To this end the question is wisely left to the sound discretion of the judge. As in respect of other matters within the discretion of trial courts, its exercise will not lightly be disturbed." (*Id.* at 978, 979.)

While our statute does not enumerate the nature and quantum of evidence of insanity which must be submitted,

nevertheless, when a motion for a mental examination is presented, the court may consider and determine the matter through the exercise of judicial judgment and discretion. In the circumstances here presented and at this juncture of the proceedings in the instant case, we find no facts of record constituting an abuse of judicial judgment and discretion on the part of the trial court in denying the Territory's motion. The record establishes that the motion was timely; the defendant's objection to the granting of the motion likewise timely; and we discern no error on the part of the trial judge in refusing to compel the defendant below, over his objection, to submit to a mental examination upon motion by the Territory.

The order is affirmed.

*R. E. St. Sure,* Deputy Prosecutor (also on the briefs), for the Territory, appellant.

*D. N. Ingman* (also on the brief), for defendant-appellee.